■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MITCHELL, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 21, 1981, upon a verdict convicting defendant of the crime of sodomy in the first degree.

On April 11, 1981, John, a tenth grade student at the LaSalle School in the City of Albany, went to the Empire State Plaza in anticipation of meeting a friend. While waiting for his friend, he was approached by defendant who asked if he would like to smoke some marihuana. When John indicated that he would, the two went to some room in the plaza area and smoked a "joint". Defendant then inquired of John as to whether he would like to "get high" on marihuana before returning to school, and

when John responded in the affirmative, defendant asked him to come to his apartment where he had more marihuana. Upon arrival at the third-floor apartment, defendant unlocked the door and entered a dimly lit apartment. John followed but suddenly was ordered to take down his pants by defendant who now held a knife alongside John's neck. John complied and was promptly sodomized by defendant. Defendant then permitted John to leave, but only after warning him not to reveal the incident to anyone.

John returned directly to school, arriving at about 4:30 P.M. He said nothing about the incident until about 10:30 that evening when he advised one of the counselors as to what had occurred. John and one of the brothers from the school immediately went to the Albany Police Station and reported what had transpired. John was taken to the hospital for an examination and then went with two detectives to point out to them the apartment of defendant. At the police station, John identified defendant from a photo lineup. Sometime after John identified defendant's apartment and after John and the brother had returned to the police station, the two detectives went back to the apartment building. After looking at the mailboxes with apartment numbers and ascertaining that defendant was listed as the occupant of the apartment John had designated, the detectives took the elevator to the third floor. Upon leaving the elevator the detectives encountered defendant who, upon seeing them, ran toward his apartment, disposing of an envelope of pills as he ran. The detectives caught him in the doorway as he attempted to secure himself within his apartment. Defendant was seized and frisked and, after a knife was found on his person, he was arrested for possession of the pills and the knife and taken into custody. Sometime later, after reports of John's hospital examination were made available and revealed lacerations of the rectal area and the presence of seminal fluid, defendant was charged with sodomy. He was subsequently indicted for sodomy in the first degree and convicted of the same after trial. He was sentenced to an indeterminate term of imprisonment with a maximum of 25 years and a minimum of 8⅓ years. Defendant, seeking reversal of the judgment of conviction, contends (1) that no probable cause existed for the warrantless search and arrest, (2) that the trial court erred in refusing to charge subdivision 2 of section 130.40 of the Penal Law as a lesser included offense, and (3) that the sentence imposed was unduly harsh and excessive.

We find no merit to defendant's claim that the knife should have been suppressed because of a lack of probable cause for the warrantless search. The Court of Appeals has in the fairly

recent past and in great depth considered many facets of police-citizen encounters and has articulated a carefully demarcated body of law explaining the predicates necessary to justify police intrusions ranging from the right to arrest, to the right to stop and frisk, to the common-law power to inquire, to the authority to approach and request information (see *People v Stewart,* 41 NY2d 65; *People v De Bour,* 40 NY2d 210; *People v Ingle,* 36 NY2d 413; *People v Cantor,* 36 NY2d 106). The common thread throughout these opinions is that for police intervention to be permissible, it must be predicated on constitutionally cognizable factors (*People v Evans,* 43 NY2d 160, 164). We find such factors present here. First, the information which the police had was not the result of an erroneous tip but was from the victim who positively identified the scene and defendant. Also, there was abundant good reason to believe defendant was armed from the victim's account of the incident, and the detectives, or one of them, knew defendant and some of his history. Significantly, the minute defendant laid eyes on the detectives, he took flight in an attempt to thwart even a chance of inquiry or request for information on their part. Thus, legally cognizable factors were present so as to justify the intrusion. Nor does the failure of the officers to affirmatively testify that they feared for their own safety and the safety of each other alter this conclusion. Under the factual situation presented, there was a good-cause basis for such a belief and that is sufficient (see *People v Moore,* 32 NY2d 67, cert den 414 US 1011). Neither are we impressed by defendant's assertion that since the search preceded the arrest, the seizure cannot be said to have been made incidental to a lawful arrest. In fact, the search and the arrest were nearly simultaneous so as to constitute one event and the fact that the search might have preceded the arrest is irrelevant (see *People v Evans, supra,* p 166).

Likewise, we find no merit in defendant's claim that the trial court erred in neglecting to honor his request to charge a lesser included offense. The trial court concluded that the only reasonable view of the evidence was one which would support the finding that defendant committed sodomy in the first degree. Since the record supports such a conclusion, the trial court's denial of the request was entirely proper (see *People v Discala,* 45 NY2d 38).

Lastly, we will not interfere with the discretion of the sentencing court absent extraordinary circumstances (*People v Miller,* 74 AD2d 961). Since no such circumstances are demonstrated, the sentence must not be disturbed.

Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.