■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUGGIE CRUZ, Respondent.—Order, Supreme Court, Bronx County (Irving Lang, J.), entered April 19, 1984, which granted defendant's motion pursuant to CPL 210.40 to dismiss the first count of the indictment, which charged defendant with the crime of burglary in the second degree, unanimously reversed, on the law, on the facts, and as a matter of discre-

tion in the interest of justice, to deny the motion to dismiss that count, and to reinstate the count in the indictment.

On September 2, 1983, at about 3:35 in the afternoon, the defendant and a codefendant, Larry Arroyo, broke into an apartment at 2557 Marion Avenue, Bronx County. Observed leaving the apartment with a cart full of stolen property, the defendant and his accomplice were detained by civilian witnesses until the arrival of police officers, who placed the two men under arrest. Thereafter, the defendant and Arroyo were charged in an indictment with burglary in the second degree, a class C violent felony offense, and additionally were charged with the crimes of grand larceny in the second degree, criminal possession of stolen property in the first degree, and criminal mischief in the fourth degree.

Plea negotiations resulted in an agreement that both defendants would plead guilty to attempted burglary in the second degree, a class D violent felony offense, and that this defendant would be sentenced to a term of 2½ to 5 years. The agreement was withdrawn as to this defendant when it was learned that he had been convicted twice previously of violent felony offenses, would therefore be a persistent violent felony offender on a plea to attempted burglary in the second degree, and accordingly that the originally agreed sentence could not be lawfully imposed. The original agreement was based on the erroneous understanding that the defendant's record consisted of one robbery conviction and another youthful offender adjudication arising out of a robbery.

Arroyo pleaded guilty to attempted burglary in the second degree and was sentenced to a term of probation. The District Attorney renewed the offer to this defendant to allow a plea to attempted burglary in the second degree, a plea to that count, however, mandating a minimum sentence of six years to life under Penal Law § 70.08, which fixes sentences of imprisonment for persistent violent felony offenders.

Defendant moved pursuant to CPL 210.40 for an order dismissing the burglary in the second degree count, arguing in essence that the minimum sentence mandated by law on the plea proffered by the District Attorney under that count was grossly disproportionate to the offense that had occurred, was inequitable when compared with the probation sentence received by the codefendant, and could not reasonably be reconciled with the District Attorney's prior willingness to allow the defendant to be sentenced to a term of 2½ to 5 years. The court granted the motion to dismiss the burglary in the second

degree count in the interest of justice. The defendant thereafter pleaded guilty to the remaining counts of the indictment and was sentenced by the court to a term of 3 to 6 years.

CPL 210.40 (1) provides that an indictment or any count of an indictment may be dismissed in the furtherance of justice when "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice." The section goes on to list 10 circumstances to be considered by the court in evaluating the existence of such a compelling factor, consideration or circumstance.

Preliminarily, and contrary to the view urged by the District Attorney on this appeal, we are in agreement with Trial Term that there may be unusual circumstances under which the sentence mandated by law upon conviction of a count of an indictment would be so disproportionate to a defendant's actual culpability as to constitute a "compelling factor," when considered together with all of the relevant considerations described in CPL 210.40, that would justify dismissal of the count to avoid an injustice. After a careful review of the record, we are not persuaded that it discloses such a situation.

In dismissing the first count of the indictment, Trial Term was primarily influenced by its judgment that: (1) the disparity between the probation sentence received by Arroyo and the sentence that would be mandated for the defendant under the offered plea could not be fully justified by Arroyo's comparatively minimal criminal record; and, (2) that the disparity between the sentence mandated for the defendant under the offered plea and that which was originally agreed to by the District Attorney could not be satisfactorily explained by the discovery that what had been believed to be a youthful offender adjudication arising out of a robbery was in fact a robbery conviction. Whatever may be the merit of these judgments by Trial Term, which involved appropriate subjects of concern for a Judge participating in the plea bargaining process, we believe that Trial Term gave to these incidents of the plea bargaining process a disproportionate importance in its consideration of the motion to dismiss under CPL 210.40.

Although the daytime burglary of an apartment committed by the defendant and Arroyo was not accompanied by the aggravating factors listed in Penal Law § 140.25 (1), the fact cannot be overlooked that this calculated crime occurred only a few months after the defendant was released on parole

following his second conviction for robbery, and that robbery had occurred only a few months after the defendant had been paroled following his first robbery conviction. From this disquieting sequence of events, the conclusion is almost inescapable that the defendant is a habitual criminal who regards his periods of incarceration as interruptions in pursuing a life of crime. The discretion vested by CPL 210.40 to dismiss an indictment or any count of an indictment to avoid an injustice seems to us inapplicable to the circumstances disclosed in this record. Concur—Sandler, J. P., Sullivan, Bloom, Lynch and Kassal, JJ.