■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GARCIA, Appellant.—Judgment of Supreme Court, Bronx County (Howard E. Goldfluss, J.), rendered November 24, 1987, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second degree and sentencing him, as a second felony offender, to two concurrent indeterminate terms of imprisonment of from 6 to 12 years and 3 to 6 years, respectively, unanimously affirmed. Order of the same court (Arlene Silverman, J.), entered May 19, 1989, which denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

Defendant was convicted of assault and possession of a weapon following an argument with Roberto Nunez, a rival drug dealer. A group of defendant's friends surrounded Nunez and started beating him. Defendant was handed a gun and shot Nunez in the back.

Defendant subsequently moved to vacate the judgment pursuant to CPL 440.10. After hearing, where defendant presented two witnesses alleging that Carmen Perez, not defendant, shot Nunez, the motion was denied.

The evidence at trial, viewed in the light most favorable to the People, was legally sufficient to find defendant guilty beyond a reasonable doubt. "Great deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor." *(People v Bleakley,* 69 NY2d 490, 495.) The inconsistencies that defendant now raises were before the jury, considered by them and rejected.

We reject defendant's contention that the prosecutor deprived him of a fair trial by improper comments on summation consisting of inflammatory remarks, denigration of the defense and vouching for the States' witnesses as the com-

ments were within the bounds of rhetorical response *(People v Rivera,* 158 AD2d 344, *lv denied* 76 NY2d 741).

The motion court did not abuse its discretion in denying defendant's motion to vacate his judgment. A defendant is entitled to vacate his judgment of conviction on the basis of "newly discovered evidence" if he demonstrates, *inter alia,* that it is probable that the new evidence will probably change the result if a new trial is granted, and that the new evidence could not have been discovered prior to trial by the exercise of due diligence. (CPL 440.10.)

Defendant also failed to satisfy the due diligence requirement. No evidence was presented as to what attempts were made to locate these witnesses before trial. "The fact that the defense did not discover the eyewitness sooner does not necessarily warrant the conclusion that he could not have been discovered earlier." *(People v Latella,* 112 AD2d 321, 323.) Furthermore, the court's determination that these witnesses "defied belief" was not unsupported by the record. Concur— Milonas, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.