■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ADAM SALES, Respondent.—Order, Supreme Court, New York County (Patricia Ann Williams, J.), entered March 27, 1990, which granted defendant's motion to dismiss the indictment in furtherance of justice, affirmed.

On a summer evening in 1989, defendant and three friends ordered pizza and soda from the Manhattan Chili Company, a fast-food delivery service located in Greenwich Village. When the delivery man, who was actually an undercover police officer, arrived with their order, one of defendant's friends led him into an alley where the others surrounded him, grabbed the food and ran. One of the young men had a knife in his

possession which was not displayed during the robbery. This defendant purportedly stuck out his chest and glared at the delivery man in an effort to intimidate him.

After their arrest, each of the young men made a statement to the police and were charged with robbery in the second degree. Since defendant's three friends were under the age of 19, they pleaded guilty and were adjudicated youthful offenders, receiving a sentence of five years' probation. Defendant, however, was 19 years and two months of age and was, therefore, ineligible for youthful offender relief. Instead, he was charged with a class C violent felony which carries a sentence of incarceration of a minimum period of 1½ to 4½ years. After rejecting the People's offer to allow him to plead guilty to a class D violent felony, defendant moved to dismiss the indictment in furtherance of justice. The Supreme Court granted the motion and the People appealed.

The Supreme Court did not abuse its discretion in granting defendant's request. CPL 210.40 (1) provides that an indictment may be dismissed in furtherance of justice when "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice." The statute lists 10 factors to be evaluated by the court in determining whether such factor, consideration or circumstance exists.

While we agree with the dissent that defendant's actions amounted to more than just a "prank", as the Supreme Court characterized them, the court's otherwise detailed analysis of the relevant factors contained in CPL 210.40 amply supports its determination. The compelling factor, when considered along with the fact that this is defendant's first arrest, that the property stolen was a relatively small amount of food, that no weapon was displayed during the incident, in which no one was injured, and that defendant's prospects for future schooling and employment are good, is that any number of resolutions other than a conviction for a violent felony would have held this defendant responsible for his acts.

The authorized sentence urged by the People will serve virtually no useful purpose. Instead, the effect of being labeled a violent felon will be deleterious and lifelong. The felony conviction will never be erased and might possibly destroy the future prospects of this 19 year old, who was not granted youthful offender status, along with his friends, because he

was two months over the age limit. This court has previously expressed its view that there may be unusual circumstances under which the sentence mandated by law would be so disproportionate to a defendant's actual culpability as to constitute a "compelling" factor for the purpose of dismissal in furtherance of justice, when considered together with all the other relevant considerations described in CPL 210.40 *(People v Cruz,* 114 AD2d 769, 771, *lv denied* 67 NY2d 882). The record herein discloses just such a situation. Concur—Milonas, Rosenberger and Asch, JJ.

Kupferman, J. P., and Kassal, J., dissent in a memorandum by Kupferman, J. P., as follows: The defendant was indicted for robbery in the second degree (Penal Law § 160.10 [1]) because, together with three others, he robbed an undercover plainclothes police officer who was posing as a food delivery boy. The acting Justice dismissed the charge against this defendant in the interest of justice, pursuant to CPL 210.40, and the People appeal.

In this theft, no force was used, no weapon referred to or displayed and nothing taken other than the food involved. The codefendants pleaded guilty and, with the consent of the People, were adjudicated youthful offenders and received probationary sentences. However, this defendant, who had passed his nineteenth birthday, was ineligible for youthful offender status, and so he was offered an opportunity to plead guilty to a class D violent felony, with no condition of incarceration. The acting Justice equated the situation to a "prank" and granted the motion to dismiss in furtherance of justice. While there was no actual force used, there was certainly intimidation with force implied. Moreover, it could not be said that this was a prank considering the fact that the law enforcement authorities had a policeman posing as a delivery boy in an attempt to stop a rash of such robberies.

Under the circumstances, there was an abuse of discretion, and the dismissal should be reversed, the indictment reinstated and the matter remanded for further proceedings. *(People v Riccelli,* 149 AD2d 941.) Nonetheless, it should be emphasized that this problem arises because the acting Justice was confronted with a Hobson's choice of dismissing the indictment or permitting the prosecution of a class D violent felony for what is basically a petit larceny. If abuse of discretion there be, it is that of the District Attorney who posed such a disparate choice.