■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAINE P. BRYCE, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered March 7, 1990, upon a verdict convicting defendant of the crime of murder in the second degree.

On January 7, 1988, defendant's wife left for work at about 7:30 A.M. leaving defendant alone to care for their seven-week-old son in their apartment. Defendant was the sole witness to the events leading to the child's death. He testified at trial that at about 11:00 A.M., while he was holding the child on his left arm and attempting to spread out a blanket with his right hand, the child shook or "threw up" his head and fell to the floor. Defendant checked the child over and observed no visible signs of injury. He did not disclose this fall until some time after the child's death. Defendant then attempted to give the infant a bottle of water but the child did not drink it. After the infant began making "choking" noises, defendant hit him twice on the back, shook him and then held him upside down. Defendant thereafter called his wife at work, told her the child was sick and asked her to come home. When defendant's wife arrived home she took the child and told defendant to call for help, which he did. The paramedics and an ambulance came. The infant was taken to the hospital where he was pronounced dead at about 1:12 P.M. on January 9, 1988. The cause of death was diagnosed by the treating pediatrician as "closed head trauma, suspected child abuse, and brain death". He explained that while the injuries were not consistent with a fall, they were consistent with a "violent" shaking.

Defendant gave different accounts of what happened the morning of January 7, 1988 to the police and others. Medical testimony at trial indicated that the child suffered multiple impacts to the head and other injuries to his body. Defendant's medical experts also testified as to the cause of death. Throughout defendant maintained that the death of his son was accidental. Medical evidence indicated otherwise. Defendant was convicted of murder in the second degree in violation of Penal Law § 125.25 (2) for killing his son. He was thereupon sentenced to 25 years to life imprisonment.

Defendant contends that the prosecution's proof at trial was insufficient to sustain the charge of depraved indifference murder in that (1) the People failed to establish any specific conduct on the part of defendant of a depraved indifference to human life, (2) the evidence was entirely circumstantial and did not meet the standard of proof for such evidence, and (3) the jury verdict was against the weight of evidence. The contentions are without merit. As with reckless manslaughter, depraved indifference murder is a nonintentional homicide (see, People v Roe, 74 NY2d 20, 23). However, the actor's reckless conduct must be shown to be "imminently dangerous" and to present "a grave risk of death" (supra, at 24). "Whether the lesser risk sufficient for manslaughter is elevated into the very substantial risk present in murder * * * depends upon the wantonness of [a] defendant's acts—i.e., whether they were committed '[u]nder circumstances evincing a depraved indifference to human life' * * *. This * * * involves 'an objective assessment of the degree of risk presented by [a] defendant's reckless conduct' " (supra, at 24 [citations omitted]), "a qualitative judgment to be made by the trier of the facts" (supra, at 25).

The evidence adduced at trial, including defendant's statements that the infant's injuries occurred after defendant dropped him while alone with him, expert medical evidence that the infant's injuries were not consistent with defendant's description of the events, and that only "multiple impacts" could have caused such damage, was sufficient to sustain the charge of depraved indifference murder. The resolution of the conflicting medical opinion evidence was for the jury (see, People v Kennedy, 47 NY2d 196, 204; People v Murphy, 128 AD2d 177, 182, affd 70 NY2d 969). Viewing the evidence in a light most favorable to the People, there is sufficient evidence to sustain the finding of defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621).

We also find no merit to defendant's claim that the evidence against him was wholly circumstantial and, as such, did not exclude to a moral certainty every other hypothesis but guilt. The evidence was not wholly circumstantial. The medical proof was direct evidence as was defendant's admissions describing the event and his activities at the time. Contrary to defendant's claims, the verdict was not clearly against the weight of the evidence and should, therefore, not be disturbed (see, People v Bigelow, 106 AD2d 448).

We likewise reject defendant's argument that he was unduly prejudiced by the failure of the People to preserve the

deceased infant's entire skull and brain, thus precluding inspection of such evidence and denying him due process. We note also that defendant requested permission to examine the brain two years after the event and one week before trial. The People made available to defendant the preserved portion of the skull and brain and sets of slides of brain tissue. The record reveals also that defendant was provided with X rays, the results of a CAT scan, autopsy reports, photographs and videos thereof. Defendant's general discovery demand did not require the People to preserve and make available the entire skull and brain. Additionally, there was no showing that the missing material was exculpatory material. The People are not obligated "to preserve all material that might be of conceivable evidentiary significance * * * especially when the exculpatory value of the evidence is purely speculative" *(People v Scattareggia,* 152 AD2d 679, 679-680 [citations omitted]).

Defendant's claim that County Court improperly allowed the People to introduce testimony of a diagnosis of child abuse is rejected. The admission of such diagnosis was relevant and within the proper exercise of County Court's discretion in light of the issues raised and all of the surrounding circumstances *(see, People v Henson,* 33 NY2d 63, 73-74).

We also reject defendant's contention that he was deprived of his right to a fair trial by virtue of improper comments made by the prosecutor in summation. The prosecutor did attack the credibility of one of defendant's medical experts as being a professional defense expert based on evidence of the fees he was paid. However, we cannot say that these remarks were so egregious in the context of this case as to deprive defendant of a fair trial.

Defendant's claim that he was denied a fair trial because County Court failed to give a charge on circumstantial evidence is also without merit. As noted earlier, the evidence was not wholly circumstantial and, therefore, County Court was not required, even without request or exception, to charge the jury on circumstantial evidence *(see, People v Barnes,* 50 NY2d 375, 380; *People v Hollis,* 73 AD2d 994).

Defendant's argument that County Court committed error in not specifically instructing the jury that delay was not to be considered as a cause of death also lacks merit. Delay was not put forth by the prosecution as a cause of death. Rather, the defense introduced evidence that the infant suffered a full cardiac arrest before the paramedics arrived and, in rebuttal, the prosecution asked the doctor who was testifying whether

immediate proper medical treatment would have saved the infant's life. This inquiry was not improper.

We find no basis to disturb defendant's sentence. It is within the limits set by statute and defendant has failed to show either an abuse of discretion by County Court or the existence of extraordinary circumstances *(see, People v Mitchell,* 104 AD2d 689).

Finally, we have considered defendant's other assertions of error and find them to be without merit.

Casey, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.