■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. KENNY, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered August 10, 1989 in Albany County, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree, driving while intoxicated and reckless endangerment in the second degree.

This appeal presents the following issues: (1) whether Supreme Court erroneously allowed testimony that indicated defendant had been arrested for a prior alcohol related driving offense, (2) whether there was insufficient evidence of recklessness to sustain the jury's verdict finding defendant

guilty of manslaughter in the second degree, (3) whether the court erred in denying defendant's motion to dismiss the depraved indifference murder charge for legal insufficiency, and (4) whether the sentence imposed was unduly harsh or excessive.

Defendant was convicted after a jury trial of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree, driving while intoxicated and reckless endangerment in the second degree. He was sentenced to an indeterminate prison term of 5 to 15 years for the manslaughter conviction, 2⅓ to 7 years for the vehicular manslaughter conviction and one year each for the latter two convictions. All sentences were to run concurrently.

The record reveals that on January 12, 1989 at about 4:30 P.M., defendant was operating his Pontiac automobile in an eastbound direction on State Route 7 in the Town of Colonie, Albany County, when it collided with a red Dodge Charger automobile operated by Eugene Craig, which was making a left turn to enter a private driveway. On impact, Cathy Craig, a front-seat passenger in the Dodge, was thrown out of the car sustaining injuries which caused her death. Eyewitness testimony revealed that defendant was driving at approximately 70 to 75 miles per hour on Route 7 in medium to heavy traffic just prior to the accident. Route 7 is a four-lane highway that runs east and west. The two eastbound lanes are separated from the two westbound lanes by a center median. The road was wet and slippery. The speed limit was 45 miles per hour. The Craig vehicle had been stopped in the median space facing westbound on Route 7, waiting for traffic to clear, before beginning the left turn. There was a car stopped in line behind the Craig car and an eastbound car stopped in the median area facing the Craig car.

An accident reconstruction expert estimated defendant's speed before impact as 73 miles per hour. Defendant admitted to a Town police officer at the scene that he had been drinking and also remarked "it's a good thing no one was hurt". The officer observed that defendant was "wobbling", his speech was slurred and there was a "strong" odor of alcohol on his breath. Defendant allegedly told another investigating police officer that he had been drinking "too much, probably one-third too much", estimating that he had approximately 9 to 12 beers. Defendant failed three field sobriety tests and an alcosensor test. A blood alcohol test taken at the hospital indicated defendant's blood alcohol content was .17%. His de-

meanor was described as uncooperative. However, he did sign a statement at the police station.

Defendant testified at trial and stated that he had consumed approximately six beers after he left work at about 1:00 P.M. Ralph Barr, a Department of Motor Vehicles drinking and driving instructor, testified that defendant completed one of his courses in 1987. Contrary to defendant's contention, Supreme Court properly allowed Barr to testify, over objection, concerning the content of the driving and drinking course defendant attended. The testimony was relevant and probative on the material issue of the recklessness of his conduct and its probative value outweighed the prejudicial references to his prior arrest for an alcohol-related driving offense *(see, People v Alvino,* 71 NY2d 233, 241; *People v Ventimiglia,* 52 NY2d 350, 359-360). Recklessness is an element of manslaughter in the second degree (Penal Law § 125.15 [1]) and requires a conscious awareness of a known risk (Penal Law § 15.05 [3]). Barr's course covered the effects of alcohol on judgment, perception, driving ability and accidents. Defendant's conscious disregard of his prior instruction regarding alcohol and its effects on one's driving ability could well be considered on the issue of recklessness by a jury. This is especially true because "with respect to state of mind questions, objective evidence of the surrounding circumstances may be weighed in making the factual determination" *(People v Licitra,* 47 NY2d 554, 559). Moreover, the potential for harm was diminished by the court's limiting instructions to the jury to consider the testimony only as to the counts specifically requiring recklessness, not as to propensity to commit any crimes and not to speculate as to defendant's reasons for attending the course *(see, People v Satiro,* 72 NY2d 821).

Furthermore, adequate evidence was placed before the jury of defendant's reckless conduct to sustain his conviction for manslaughter in the second degree *(see,* Penal Law § 125.15 [1]; § 15.05 [3]); *see also, People v Verdile,* 119 AD2d 891). The road was wet and slippery, traffic at 4:30 P.M. was heavy and vehicles were waiting to make left turns, yet defendant was traveling about 107 feet per second at 73 miles per hour in disregard of the obvious danger to himself and other users of Route 7. He made no apparent attempt to warn of his approach or to slow or stop his vehicle to avoid or lessen the collision. Defendant had admittedly consumed 9 to 12 beers that day and had a .17% blood alcohol content, well over the .10% reading indicating intoxication. Additionally, defendant

had completed a program of instruction on the effects of alcohol on a person's driving ability.

Defendant's contention that Supreme Court erred in failing to dismiss count one of the indictment charging murder in the second degree (depraved indifference murder) before trial is also without merit. In considering the sufficiency of an indictment: "The requirement of legal sufficiency is satisfied if there was 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' (CPL 70.10 [1]). The evidence must be viewed in the light most favorable to the People and exculpatory evidence need not be considered * * *. The proof need not establish guilt beyond a reasonable doubt * * * or even 'reasonable cause' to believe that the defendant committed the crime charged" *(People v Moquin,* 142 AD2d 347, 351 [citations omitted], *revd on other grounds* 77 NY2d 449). When driven in a wanton and callous manner, as could have been found here, a car may present a grave risk of death and it is for the jury to determine if, under the circumstances, such conduct "placed the crime on the same level as intentional murder" *(People v Gomez,* 65 NY2d 9, 12). We conclude that in the circumstances of this case it was proper not to dismiss the charge of murder in the second degree in the indictment.

Defendant's final contention, that his sentence was unnecessarily harsh and excessive, is rejected. The sentence imposed was within the limits authorized by statute and will not be disturbed in the absence of a showing of extraordinary circumstances or of an abuse of the sentencing court's discretion *(see, People v Mitchell,* 104 AD2d 689).

Casey, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.