■ In the Matter of the Claim of JOYCE M. ATKINSON, Appellant. B.C.C. ASSOCIATES, INC., Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 25, 1991, which, *inter alia,* ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed by B.C.C. Associates, Inc., whose business is providing money-counting services and equipment. B.C.C. has a contract with the New York City Triborough Bridge and Tunnel Authority (hereinafter the Authority) to provide such services with respect to the Authority's toll receipts, estimated to aggregate some $1.7 million daily. Claimant was a cashier for B.C.C. whose exclusive duty was counting daily receipts and, as such, she handled cash of more than $10,000 each day. Because of the large sums of money entrusted to employees in claimant's position, she and other cashiers were required to sign an agreement consenting to various security techniques including, *inter alia,* video surveillance, polygraph tests and urinalysis, and conceding "that any information from the above safeguard procedures may be cause for my dismissal".

In March 1990, claimant was required to supply a urine specimen for random drug testing. The testing was performed by Brunswick Hospital Center, a forensic toxicology laboratory

located on Long Island. When the test results came back positive for cocaine, claimant was discharged. Her application for unemployment insurance benefits was denied upon an initial determination that she lost her employment due to misconduct. That determination was upheld by the Unemployment Insurance Appeal Board. Claimant appeals from the Board's decision.

At the outset, we reject claimant's argument that, in requiring her to furnish a urine specimen for drug testing without even a reasonable suspicion of her drug use, B.C.C. violated the prohibitions against unreasonable search and seizures of the Federal and State Constitutions (US Const 4th Amend; NY Const, art I, § 12). A search by a private person or a nongovernmental entity does not violate constitutional rights (see, People v Adler, 50 NY2d 730, 737, cert denied 449 US 1014). The record is entirely devoid of any evidence of the Authority's involvement in the decision of B.C.C. to drug test its employees (see, Blum v Yaretsky, 457 US 991, 1004-1005). Nor can it be said that providing services for counting toll receipts, any more than the conduct of an outside audit of revenues of a public authority by a private accounting firm, constitutes the performance of a function traditionally the exclusive prerogative of the State (see, Rendell-Baker v Kohn, 457 US 830, 842). Thus, the drug testing by B.C.C. of its employees does not constitute State action (see, supra; cf., Sharrock v Dell Buick-Cadillac, 45 NY2d 152, 163).

We are equally unpersuaded by claimant's alternate contention that her discharge constitutes discrimination in employment against the disabled in violation of the State Human Rights Law (see, Executive Law § 296 [1]). There has been no showing whatsoever that the basis of claimant's discharge was her disability due to drug dependency (see, Executive Law § 292 [21]). Rather, as will be further discussed below, termination of claimant's employment was based on the adverse effect on claimant's integrity brought about by even casual cocaine use (see, Burka v New York City Tr. Auth., 680 F Supp 590, 601).

The only remaining issue is the sufficiency of the evidence to support the Board's finding of claimant's misconduct. In this respect, the Board could reasonably determine that the use of cocaine by an employee holding an extremely security-sensitive position such as that held by claimant sufficiently reflected on her integrity so as to constitute misconduct, irrespective of where the drug was imbibed (see, Matter of Mora [Hartnett], 175 AD2d 442, 443; Matter of Hill [Hartnett],

172 AD2d 954; *see also, Matter of Caruso v Ward,* 72 NY2d 432, 441), as well as a violation of a work rule. The testimony in this record by the director of forensic toxicology of the testing agency that, *inter alia,* Brunswick Hospital Center was licensed and certified by the State Department of Health and the City of New York Health Department as a laboratory for forensic toxicology, and that the minimum qualifications of the technicians performing the testing was a Bachelor's degree and four years of experience, was sufficient to establish the qualifications of the laboratory and the testing personnel. The director's testimony also established the reliability of the two-tier tests performed, including gas chromatography, to determine the presence of cocaine in the specimen and that none of the prescription drugs claimant stated she was using could have produced a false positive test for cocaine.

An open question exists, however, as to whether the testimony and chain of evidence form introduced as an exhibit established a sufficient chain of custody of the specimen of claimant's urine from her possession through the testing process to sustain the admissibility of the test results. Specifically, it is unclear on the record whether the B.C.C. technician who initialed the chain of evidence form was the same laboratory employee who performed all of the drug tests on the specimen, or only performed preliminary testing, after which the specimen was turned over to another technician, pursuant to a second chain of evidence form, for completion of the testing. Consequently, although a chain of evidence form may be sufficient to establish a foundation for the admissibility of drug test results in an administrative proceeding *(see, Matter of Satchell v Coughlin,* 178 AD2d 795; *Matter of Lewis v Coughlin,* 172 AD2d 889), we must withhold decision and remit for further clarification of the record and findings by the Board, upon a further hearing if necessary, regarding the chain of possession of the tested sample through the testing process.

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision.