■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAINE P. BRYCE, Appellant. [620 NYS2d 579] —Peters, J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered December 28, 1993, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, without a hearing.

Subsequent to defendant's conviction of murder in the second degree based on the death of his infant son, this Court affirmed both his conviction and sentence *(see, People v Bryce,* 174 AD2d 945, *lv denied* 79 NY2d 854). Following the unsuccessful appeal, the body of the infant was exhumed and defendant's medical experts examined the skull. Defendant thereafter moved to vacate the judgment of conviction pursuant to various grounds set forth in CPL 440.10 (1). He claimed that the People misrepresented the availability of the infant's skull and brain for defense expert examination,* that the conviction was obtained as a result of false evidence since, upon exhumation, it was discovered that the physical evidence

---

* We have previously determined that defendant was not prejudiced by the failure of the People to preserve the entire skull and brain of the deceased infant *(People v Bryce,* 174 AD2d 945, *supra).*

did not come from the alleged fracture site, and that the skull was not fractured. In support of the motion, defendant provided sworn statements from experts stating that the infant's skull was not fractured and that the portion of the skull admitted into evidence at trial, which purportedly bolstered the People's theory by evidencing a blow to the front of the infant's skull, was actually a piece of the side temple region of the skull. Defendant appeals from County Court's denial of the motion.

Defendant contends that the prosecutor and/or his experts were aware that the portion of the skull admitted into evidence at trial did not originate from the claimed fracture site (see, CPL 440.10 [1] [b], [c]). Defendant, however, fails to present any proof in support thereof and it is well settled that "[m]ere conclusory allegations of prosecutorial misconduct are alone insufficient to require a trial court to conduct an evidentiary hearing for the purpose of resolving those accusations" (People v Brown, 56 NY2d 242, 246-247). We further reject defendant's contentions regarding the grant of immunity to the pathologist who performed the autopsy since such immunity concerned a wholly unrelated investigation. We also reject defendant's contentions that since representatives of the District Attorney were present at the autopsy, any false testimony concerning the disputed portion of the skull should be attributed to them (see, supra).

Defendant next contends that he is entitled to vacatur of the judgment based on newly discovered evidence (see, CPL 440.10 [1] [g]). Specifically, defendant contends that the portion of the skull admitted into evidence came from the side of the infant's skull as opposed to the front and that the skull is not, in fact, fractured. It is well settled that a court will consider newly discovered evidence only if it meets the following six criteria: " '1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence' " (People v Priori, 164 NY 459, 472). (Accord, People v Salemi, 309 NY 208, 216, cert denied 350 US 950.) We find that defendant has failed to satisfy these criteria. Most significantly, we conclude, upon review of the record, that the alleged newly discovered evidence does not establish the probability that a different verdict would result upon retrial (see, People v Garcia, 166 AD2d

199, *lv denied* 77 NY2d 906; *cf., People v Gurley,* 197 AD2d 534). While defendant correctly contends that the prosecution stressed the skull fracture of the infant at the trial level, we have previously noted that "[t]he cause of death was diagnosed by the treating pediatrician as 'closed head trauma, suspected child abuse, and brain death' " *(People v Bryce, supra,* at 945). At trial, the expert testified that the injuries were not consistent with defendant's explanation, but were consistent with " 'violent' shaking" *(supra,* at 945).

As to defendant's other contentions, we find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed.