■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRUZ ORTIZ, Appellant. [770 NYS2d 468]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 16, 2001, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal possession of stolen property in the fifth degree and possession of burglar tools.

Defendant challenges the method by which he was administered Miranda warnings and seeks to cloak a search by a private person with 4th Amendment protection.

At the request of two police officers investigating a burglary, defendant accompanied them to the police station; he was not handcuffed and was not placed under arrest. Prior to questioning, he was handed a form containing Miranda warnings and was asked to read each warning aloud and initial it. Upon completion, defendant signed the form acknowledging that he was advised of his rights and told the officer that he understood what he read. Defendant then gave a statement describing his involvement in the burglary.

After a *Huntley* hearing, County Court found this statement admissible. Defendant's trial began. The People then learned that the victim and his nephew, a correction officer who was off-duty and out of uniform, had searched the property where defendant lived and found cash hidden under the house. The money was neither turned over to the police nor reported by the victim. The court declined to suppress the property and, after trial, defendant was convicted of all charges. This appeal ensued.

We affirm. The landmark decision in *Miranda v Arizona* (384 US 436 [1966]) contains no express articulation that the warnings required must be provided orally to the accused. To be sure, the accused must be informed in "clear and unequivocal terms" (*id.* at 467-468) that he or she has certain rights. And, while the full panoply of *Miranda* warnings must be administered, they may be administered orally and from memory (*see People v Peraza*, 288 AD2d 689, 690 [2001], *lv denied* 97 NY2d 707 [2002]). "There is [absolutely] no rule, statutory or otherwise, requiring that [such] warnings be read to a suspect" (*id.* at 690). The preeminent concern is that effective means are employed to notify an individual of his or her rights (*see Miranda v Arizona, supra* at 479).

Here, County Court found that defendant understood both the English language and his own reading of his *Miranda* rights prior to interrogation. With the record containing no evidence to the contrary, the findings made by County Court will remain undisturbed (*see People v Kreydatus*, 305 AD2d 935, 936 [2003], *lv denied* 100 NY2d 595 [2003]).

Concerning the search conducted by the victim and his nephew, it is well settled that a search by a private person, even if unlawful, will not implicate 4th Amendment considerations. While there are situations where private conduct may be "so imbued with governmental involvement that it loses its character . . . and calls into play the full panoply of [4th] Amendment protections" (*People v Adler*, 50 NY2d 730, 737 [1980], *cert denied* 449 US 1014 [1980]; *see People v Adams*, 53 NY2d 1 [1981], *cert denied* 454 US 854 [1981]), we do not find that here. Even though the victim's nephew acquired the information concerning the money and its location while he was employed as a correction officer, there is no evidence that he questioned defendant regarding the whereabouts of the money or that defendant provided information directly to him. Further, neither the victim nor his nephew was acting under the direction of or in cooperation with police authorities. Rather, the victim requested and received permission from defendant's landlord to search the backyard. During the search, his nephew

did not wear a uniform, display his badge or explain his position. For all of these reasons, we agree that neither the conduct nor its rewards is cloaked with 4th Amendment protection (*see Matter of Atkinson [B.B.C. Assoc.—Hudacs]*, 185 AD2d 415, 416 [1992]; *People v Cooper*, 174 AD2d 770, 772 [1991]).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.