■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. RUPPERT, Appellant. [839 NYS2d 866]—

Rose, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered August 14, 2006, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fourth degree (two counts), criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree.

While attending a music festival, defendant's backpack was searched by two private security guards employed by the festival's sponsors. Finding glass vials with amber liquid and blue pills, the guards removed defendant from the festival grounds, delivered him to a State Trooper on duty outside the front gate of the festival and related what they had found. After searching defendant and his backpack, the Trooper found additional drugs and paraphernalia, and placed defendant under arrest. When County Court denied defendant's motion to suppress the physical evidence, defendant pleaded guilty to various drug-related offenses. He was subsequently sentenced and now appeals.

Defendant first contends that County Court erred in denying suppression of the evidence discovered by the security guards because they had been performing a public function that amounted to state action and, thus, their search was illegal. We cannot agree. Under both the Fourth Amendment and the NY Constitution, evidence acquired in a warrantless search by a

private citizen need not be suppressed unless the citizen was acting as an agent of the police (*see People v Jones*, 47 NY2d 528, 533 [1979]; *People v Horman*, 22 NY2d 378, 381 [1968], *cert denied* 393 US 1057 [1969]; *People v Ortiz*, 3 AD3d 594, 595 [2004]). Indicia of governmental involvement include "a clear connection between the police and the private investigation; completion of the private act at the instigation of the police; close supervision of the private conduct by the police; and a private act undertaken on behalf of the police to further a police objective" (*People v Ray*, 65 NY2d 282, 286 [1985] [citations omitted]; *see People v Wilhelm*, 34 AD3d 40, 46 [2006]). Moreover, a private citizen does not become an agent of the police simply by turning over suspected contraband (*see People v Adler*, 50 NY2d 730, 737 [1980], *cert denied* 449 US 1014 [1980]). Here, the record reveals no indicia of state action.

Similarly, we find no merit in defendant's contention that the additional evidence discovered by the Trooper should have been suppressed. A police officer may conduct a warrantless search of a defendant's person and possessions incident to a lawful arrest (*see People v Perel*, 34 NY2d 462, 467 [1974]; *People v Ormsby*, 30 AD3d 757, 758 [2006], *lv denied* 7 NY3d 816 [2006]). When such a search is conducted, it is irrelevant that the search may have immediately preceded the arrest (*see People v Mitchell*, 104 AD2d 689, 691 [1984]). Inasmuch as the drugs found in defendant's bag by the security guards provided probable cause for his arrest, the Trooper was authorized to conduct a further search of him and his backpack.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.