■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDY A. GRATTON, Appellant. [857 NYS2d 363]—

Stein, J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered February 20, 2007, upon a verdict convicting defendant of the crimes of assault in the first degree and endangering the welfare of a child (three counts), and the violation of unlawful possession of marihuana.

In May 2006, defendant was indicted for the crimes of assault in the first degree, reckless endangerment in the first degree, endangering the welfare of a child (three counts) and criminal possession of marihuana in the fourth degree. The criminal possession charge was subsequently reduced to unlawful possession of marihuana by stipulation. Following a jury trial, defendant was convicted of first degree assault, three counts of endangering the welfare of a child and unlawful possession of marihuana. County Court then sentenced defendant to a prison term of 15 years for the assault conviction followed by five years of postrelease supervision, to run concurrently with three concurrent one-year terms of imprisonment imposed for each of the three endangering the welfare of a child convictions. Defendant was sentenced to a conditional discharge for the unlawful possession of marihuana conviction. Defendant now appeals.

The record evidence established that the residence that defendant shared with her three children was in deplorable condition. In particular, the portable crib in which defendant's then five-year-old son—who has Down syndrome—spent most, if not all, of his time was infested with cockroaches and had eggs, casings and droppings therein. There was garbage, including soiled diapers, strewn about. The child had head lice and diarrhea, was not fed solid foods and weighed approximately 15 pounds. Treating physicians testified that defendant's son was in a state of advanced malnourishment as a result of a lengthy period of inadequate feeding,* was dehydrated, had muscle wasting, emaciation and poor circulation. The doctors further testified that the child's condition could have resulted in his death.

Despite defendant's awareness that her son was ill, she did not seek medical help or even call any family members, one of whom was a registered nurse. In fact, she had lied to the child's pediatrician with regard to his inability to eat solid foods and failed to return the child to the doctor for appropriate, routine care and to obtain free support services, including physical therapy and special education classes, which were readily available and some of which had been offered to her. She also failed to make necessary applications to ensure the continuation of income support services in place, such as Medicaid, food stamps, temporary cash assistance and rent assistance. Defendant testified that she was more concerned with the consequences to herself than the welfare of the child in the event that she sought intervention on behalf of her child.

Defendant's argument that the evidence was not legally sufficient to sustain her conviction of assault in the first degree based on a depraved indifference to human life was not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]; People v Lozada, 41 AD3d 1042, 1043 [2007], lv denied 9 NY3d 924 [2007]). Under the circumstances here, we decline to exercise our interest of justice jurisdiction (see CPL 470.15 [3] [c]; Penal Law §§ 15.05, 120.10 [3]; People v Feingold, 7 NY3d 288, 296 [2006]; People v Suarez, 6 NY3d 202, 212-213, 214 [2005]; People v Payne, 3 NY3d 266, 271-272 [2004]; People v Ford, 43 AD3d 571, 573, 574 [2007], lv denied 9 NY3d 1033 [2008]; see generally People v Contes, 60 NY2d 620, 621 [1983]; People v Heslop, 48 AD3d 190, 193 [2007]; People v Maddox, 31 AD3d 970, 971-972 [2006], lv denied 7 NY3d 868 [2006]).

Defendant also argues that her convictions were against the weight of the evidence. In addressing this issue, if this Court

---

* This was in contrast to the two well-fed, healthy dogs kept as pets at the residence.

determines that, "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), then it "must weigh conflicting testimony, review any rational inferences that may [have been] drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007] [citation omitted]; *see People v Romero*, 7 NY3d 633, 636 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]). Here, even if a different finding would not have been unreasonable, the verdict was justified by the medical evidence, the testimony and the photographs depicting the condition of the child and the home, as well as defendant's failure to act to prevent harm to the child despite her ability to do so. Viewing the evidence in a neutral light and giving appropriate deference to the jury's "superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), we do not find that the verdict was contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495). We also find defendant's arguments regarding ineffective assistance of counsel to be unpersuasive (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

In light of the above findings, "the alleged insufficiency of the evidence before the grand jury is not reviewable on appeal" (*People v Jamison*, 45 AD3d 1438, 1440 [2007], *lv denied* 10 NY3d 766 [2008]; *see* CPL 210.30 [6]). Furthermore, inasmuch as the petit jury was given the proper instructions regarding depraved indifference, any error in the instructions to the grand jury was harmless. Nor do we find error in County Court's jury charge.

Defendant faced a minimum of five years and a maximum of 25 years in prison for her conviction of assault in the first degree (*see* Penal Law § 70.02 [3] [a]). Under the circumstances, defendant's sentence was not harsh and excessive (*see* CPL 470.15 [6] [b]; *People v Thompson*, 60 NY2d 513, 519 [1983]).

Peters, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

