THIRD DEPARTMENT, DECEMBER, 2009

(December 3, 2009)

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PERYEA, Appellant. [889 NYS2d 741]—

McCarthy, J.

On April 4, 2006, defendant was driving at night, on a wet, unlit two-lane highway, in excess of the posted speed limit, when his vehicle crossed into the oncoming lane and, without braking, collided with another car. As a result, two of the occupants in the other car were injured, and the third, Brian Dunlavey, was killed. All three victims were teenagers. Immediately prior to the accident, defendant worked approximately 13 hours in his job as a correction officer at a state correctional facility before stopping for several drinks on his way home.

A jury convicted defendant of manslaughter in the second degree, vehicular manslaughter in the second degree, assault in the third degree, vehicular assault in the second degree, assault in the second degree, driving while intoxicated (two counts) and failure to keep right, prompting defendant's appeal. The People concede that both driving while intoxicated counts (Vehicle and Traffic Law § 1192 [2], [3]) must be dismissed as lesser inclusory concurrent counts in light of defendant's conviction for vehicular manslaughter in the second degree (Penal Law § 125.12 [1]; see People v Osborne, 60 AD3d 1310, 1310-1311 [2009], lv denied 12 NY3d 919 [2009]).

Contrary to defendant's contentions, we find that County Court properly admitted the results of defendant's chemical blood test results into evidence. Defendant consented to the blood test after being read Vehicle and Traffic Law refusal and Miranda warnings. Testing revealed that approximately two hours after the accident, defendant's blood alcohol content was .12% by weight. Extrapolating from these test results, expert testimony at trial estimated defendant's blood alcohol content to be between .14% and .15% at the time of the accident.

At trial, defense counsel sought for the first time to suppress the blood test results and related testimony, claiming that defendant's consent was not voluntary and that he was misled by the prosecution to believe that the sample had been taken pursuant to a warrant (*see* CPL 710.40 [2]). County Court properly denied the motion as untimely (*see* CPL 255.20 [1]; *People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]), noting that the issue should have been raised before trial when no warrant was produced during discovery.

We next review the legal sufficiency and weight of the evidence. When reviewing legal sufficiency, we view the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Curkendall*, 12 AD3d 710, 711 [2004], *lv denied* 4 NY3d 743 [2004]) and will not disturb the verdict so long as the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Hines*, 39 AD3d 968, 969 [2007], *lv denied* 9 NY3d 876 [2007]).

Evidence that defendant followed a 13-hour shift at work by drinking four or five vodka cocktails at a local bar before continuing his drive home was not refuted. Witnesses smelled alcohol on defendant while he was being treated en route to and at the hospital and heard defendant say repeatedly that he would never drink again. A chemical blood test confirmed defendant's blood alcohol content. Crash reconstruction evidence revealed that defendant was exceeding the speed limit, crossed into the oncoming lane of traffic, and failed to apply his brakes before the crash. This evidence corroborated the other driver's testimony. A search of the crash site revealed no evidence of an animal crossing the road or any similar factor that might negate or mitigate defendant's recklessness in leaving his lane of travel. Defendant completed a seven-week long drinking and driving educational program in November 2004, less than 18 months before this fatal accident. The program addressed the effects of alcohol on a driver's perception and judgment and included participation in a victim's impact panel and was therefore probative on the issue of recklessness (*see People v Kenny*, 175 AD2d 404, 406 [1991], *lv denied* 78 NY2d 1012 [1991]). Consequently, the convictions are supported by legally sufficient evidence, including evidence that defendant created and consciously disregarded a substantial and unjustifiable risk of death (*see* Penal Law § 15.05 [3]; *People v Hart*, 266 AD2d 698, 700 [1999], *lv denied* 94 NY2d 880 [2000]).

When determining whether convictions are against the weight

of the evidence, if a different finding would not have been unreasonable based on the credible evidence, we weigh the probative force of conflicting inferences that may be drawn from the testimony (*see People v Bleakley*, 69 NY2d at 495), viewing the evidence in a neutral light and giving great deference to the factfinder's opportunity to view witnesses and observe their demeanor (*see People v Vargas*, 60 AD3d 1236, 1239 [2009], *lv denied* 13 NY3d 750 [2009]; *People v Maricevic*, 52 AD3d 1043, 1046 [2008], *lv denied* 11 NY3d 790 [2008]). Defendant's contention that the victims' use of marihuana prior to the accident undermines defendant's responsibility for the crash is unpersuasive. The driver of the other car testified that she and the other occupants shared a single marihuana cigarette prior to starting their journey. Defendant's counsel cross-examined the driver and referenced Dunlavey's toxicology reports, which indicated marihuana use. However, the evidence does not establish any fault on the part of the other driver, who was driving within the speed limit in her own lane of traffic. The driver's testimony regarding the operation of her car prior to the collision was confirmed by a crash reconstruction expert from the State Police. In contrast, the evidence of defendant's intoxication and his reckless and unlawful operation of his vehicle was overwhelming. Accordingly, the verdict was not against the weight of the evidence.

Next, defendant's challenge to the sufficiency of the evidence presented to the grand jury is precluded by his conviction on legally sufficient evidence (*see* CPL 210.30 [6]; *People v Smith*, 4 NY3d 806, 808 [2005]; *People v Gratton*, 51 AD3d 1219, 1221 [2008], *lv denied* 11 NY3d 736 [2008]; *People v Jamison*, 45 AD3d 1438, 1440 [2007], *lv denied* 10 NY3d 766 [2008]) and error, if any, in the instructions given to the grand jury regarding the manslaughter charge was harmless in light of the proper charge given to the petit jury (*see People v Gratton*, 51 AD3d at 1221).

Finally, defendant's sentence was not harsh and excessive. Defendant failed to preserve for our review, by timely objection or motion, any defect in the presentence report (*see* CPL 470.05 [2]; *People v Perea*, 27 AD3d 960, 961 [2006]; *People v Peterson*, 7 AD3d 882, 882 [2004]; *People v Davila*, 238 AD2d 625, 626 [1997]). Defendant was sentenced to aggregate concurrent prison terms of 5 to 15 years and three years of postrelease supervision. As we perceive no abuse of discretion by the sentencing court or extraordinary circumstances warranting modification, the sentence will not be disturbed (*see People v Warren*, 300 AD2d 692, 694 [2002], *lv denied* 99 NY2d 621 [2003]; *People v Kenny*, 175 AD2d at 406).

We have reviewed defendant's remaining contentions and have found them to be lacking in merit.

Cardona, P.J., Spain, Lahtinen and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions for driving while intoxicated under counts five and six of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.