■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE S. BRADLEY, Appellant. [899 NYS2d 437]—

Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 3, 2007, convicting defendant following a nonjury trial of the crime of leaving the scene of an incident without reporting.

Defendant struck and killed a 17-year-old boy who was riding a bicycle on the shoulder of a country road on a rainy night. After a nonjury trial, defendant was acquitted of manslaughter in the second degree, but was convicted of leaving the scene of an incident without reporting after he failed to stop or notify the authorities of the accident. County Court imposed upon defendant, among other things, the maximum possible sentence of $2^1/_3$ to 7 years in prison. Defendant now appeals, challenging only the severity of his sentence.

A sentence will not be disturbed by this Court absent an abuse of discretion by County Court or the existence of extraordinary circumstances (*see People v Peryea*, 68 AD3d 1144, 1147 [2009]; *People v Perkins*, 56 AD3d 944, 946 [2008], *lv denied* 12 NY3d 786 [2009]). Here, the record demonstrates that there is a reasonable probability that defendant was aware that he had struck a person with his vehicle and refused to stop or notify the authorities despite an entreatment to do so by his passenger. Defendant's conduct resulted in the boy's body not having been discovered until the day following the accident. Additionally, the sentencing court took note of defendant's lengthy prior involvement with law enforcement in both New York and Pennsylvania, which included a multitude of vehicular violations and prior instances of attempting to elude law enforcement. As such, we cannot say that the sentencing court abused its discretion or extraordinary circumstances exist warranting the modification of the maximum sentence imposed upon defendant (*see People v Palmateer*, 290 AD2d 728 [2002]; *People v Lewis*, 162 AD2d 760, 764-765 [1990], *lv denied* 76 NY2d 894 [1990]).

Cardona, P.J., Spain, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.