**8**   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG L. STEVENSON, Appellant. [52 NYS3d 533]—

Garry, J. Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered January 16, 2015, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and the violation of criminal possession of marihuana in the fourth degree.

In August 2013, at about 10:45 p.m., a police officer on routine foot patrol in a housing complex in the City of Elmira, Chemung County observed a vehicle in a tenant-only parking space with its headlights on and motor running, but without a tenant parking permit, as required by the local ordinance. Defendant was in the driver's seat and his wife was in the front passenger seat of the vehicle. The officer approached and, upon questioning, defendant advised that he was not a tenant and that he was visiting a tenant; however, the officer knew the tenant and had just encountered this tenant leaving the complex shortly before observing defendant. The officer requested defendant's driver's license, discovered that it was suspended and, after a second officer arrived, arrested defendant. Immediately thereafter a cursory search of the vehicle resulted in the discovery of cocaine and marihuana, in a bag located upon the driver's seat. As a result, defendant was indicted for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of marihuana in the fourth degree. Following a *Mapp* hearing, County Court denied defendant's motion to suppress the contraband on the basis that, as pertinent here, the initial stop was justified and the search was incident to a lawful arrest. After a jury trial, defendant was convicted of all counts. Defendant appeals, challenging only the denial of his suppression motion.

Contrary to defendant's contention upon appeal, the officer's initial approach and request for defendant's driver's license were proper. Unlike stopping a moving vehicle, an approach of an occupied, stationary vehicle to request information, including identification and information related to the lawful operation of the vehicle, is permitted where there is "an objective, credible reason" for doing so (*People v Ocasio*, 85 NY2d 982, 984 [1995]; *see People v O'Brien*, 140 AD3d 1325, 1326 [2016]; *People v Boler*, 106 AD3d 1119, 1121 [2013]; *see also People v Karagoz*, 143 AD3d 912, 914 [2016]; *People v Thomas*, 19 AD3d 32, 42 [2005], *lv denied* 5 NY3d 795 [2005]). Notably, in his memorandum in support of his motion to suppress, defendant conceded that the officer's observations "clearly authorized" him to approach defendant for information and to engage in a common-law inquiry.

After discovering that defendant's license was suspended, the officer had probable cause to arrest him (*see* Vehicle and Traffic Law § 511 [1] [a]). Finally, defendant has not challenged County Court's finding that the search was authorized incident to the arrest, thus abandoning this potential issue (*see Pizarro*

*v State of New York,* 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]). In any event, we find no error in this ruling (*see People v Cruz,* 131 AD3d 724, 726 [2015], *lv denied* 26 NY3d 1087 [2015]; *People v Ruppert,* 42 AD3d 817, 818 [2007], *lv denied* 9 NY3d 964 [2007]). Accordingly, the judgment is affirmed.

McCarthy, J.P., Rose, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.