■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH IRIZARRY, Appellant. [661 NYS2d 147] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a bench trial of attempted murder in the second degree (*see*, Penal Law §§ 110.00, 125.25 [1]). Defendant contends that he was not criminally responsible by reason of mental disease or defect. In support of that defense, defendant presented the testimony of a clinical psychologist who opined that, at the time of the incident, defendant lacked substantial capacity to know or appreciate the nature and consequences of his actions and that they were wrong and that "he was suffering from a psychosis which impaired his judgment, his ability to control his behavior in rational ways". In rebuttal, the People presented the testimony of a psychiatrist who concluded that defendant suffered from an antisocial personality disorder but that defendant knew right from wrong and was able to control his violent impulses. The psychiatrist reached his opinion based upon his review of various medical records of defendant, police reports of interviews with defendant, the statement of the victim, and various psychiatric reports that were prepared for the defense.

We reject defendant's contention that the verdict rejecting the mental disease or defect defense is against the weight of

the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). "When there is conflicting expert evidence on the issue of criminal responsibility, the [trier of fact] is generally free to accept or reject, in whole or in part, the opinion of any expert, at least in the absence of a ' "serious flaw" ' in the expert's testimony" (*People v Smith*, 217 AD2d 221, 234-235, *lv denied* 87 NY2d 977; *see, People v James*, 191 AD2d 957, 958, *lv denied* 82 NY2d 720, *cert denied* 510 US 1077). Issues of credibility, as well as the weight to be accorded the evidence presented, including expert testimony, are generally questions to be determined by the trier of fact, whose judgment should not be lightly disturbed (*see, People v Gruttola*, 43 NY2d 116). Supreme Court, as the trier of fact, was entitled to credit the testimony of the People's rebuttal expert, and defendant failed to show that the expert's testimony is so seriously flawed that it is totally unreliable.

We further reject defendant's contention that Penal Law § 40.15 is unconstitutional because it deprived defendant of his due process and fair trial rights. The People met their burden of proving beyond a reasonable doubt all the elements of the crime of attempted murder in the second degree, including the element of "intent to cause the death of another person" (Penal Law § 125.25 [1]). Finally, given the heinous nature of the crime, we see no reason to disturb the sentence "in the absence of unusual or extraordinary circumstances or an abuse of discretion" (*People v Allyn*, 92 AD2d 692, 693). (Appeal from Judgment of Oneida County Court, Murad, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Balio and Fallon, JJ.