■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN C. JONES, Appellant. [690 NYS2d 366] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant failed to preserve for our review his contention that County Court erred in admitting the testimony of the prosecution's expert witness (*see*, CPL 470.05 [2]). In any event, the testimony of the expert witness was "limited to his own perception of the truthfulness of the information the defendant provided * * * and was not a statement of the defendant's general credibility" (*People v Doczy*, 210 AD2d 425, 426, *lv denied* 85 NY2d 937; *cf., People v Braun*, 199 AD2d 993, *lv denied* 83 NY2d 849). Where, as here, there was conflicting expert evidence concerning criminal responsibility, the jury was free to accept or reject in whole or in part the opinion of any expert (*see, People v Irizarry*, 238 AD2d 940, 941, *lv denied* 90 NY2d 894; *People v Smith*, 217 AD2d 221, 234-235, *lv denied* 87 NY2d 977). Thus, contrary to the contention of defendant, the verdict rejecting his defense that he suffered from a mental disease or defect is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Irizarry, supra*, at 940-941).

The court properly denied defendant's *pro se* motion to set aside the verdict (*see*, CPL 330.30). Upon our review of the record, we conclude that defense counsel, who had no duty to support a motion that he determined to be without merit (*see, People v Vasquez*, 70 NY2d 1, 4, *rearg denied* 70 NY2d 748), did not take a position adverse to his client. Thus, defendant was not entitled to the assignment of new counsel for the motion (*cf., People v Burton*, 251 AD2d 1020; *People v Chrysler*, 233 AD2d 928; *People v Singletary*, 233 AD2d 849). Furthermore, defendant was not denied effective assistance of counsel (*see, People v Flores*, 84 NY2d 184, 186-187; *People v Baldi*, 54 NY2d 137, 147).

We modify the judgment, however, by reducing the minimum term of incarceration from 7½ to 5 years on each count to comply with Penal Law § 70.02 as it provided in May 1995, when the crimes were committed. The sentence is neither unduly harsh nor severe.

Defendant's remaining contentions are not preserved for our review and, in any event, are lacking in merit. (Appeal from Judgment of Erie County Court, McCarthy, J.—Assault, 1st Degree.) Present—Green, J. P., Lawton, Wisner, Scudder and Callahan, JJ.