◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY S. LAW, Appellant. [710 NYS2d 223] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]) for beating his parents to death with a hammer. In convicting defendant, the jury rejected his affirmative defense that he lacked criminal responsibility by reason of mental disease or defect (*see,* Penal Law § 40.15). Defendant contends that the verdict is against the weight of the evidence based on a "serious flaw" in the testimony of the People's psychiatric expert, and that the expert improperly invaded the province of the jury. Defendant failed to object to the testimony of that expert, and thus failed to preserve his present contentions for our review (*see,* CPL 470.05 [2]; *People v Jones,* 261 AD2d 920, *lv denied* 93 NY2d 972). In any event, defendant's contentions lack merit. "Where, as here, there was conflicting expert evidence concerning criminal responsibility, the jury was free to accept or reject in whole or in part the opinion of any expert" (*People v Jones, supra,* at 920). Although the jury's determination will be set aside "if there is a 'serious flaw' in the testimony of the People's experts" (*People v Bernstein,* 255 AD2d 388, *lv denied* 93 NY2d 850; *see, People v Irizarry,* 238 AD2d 940, 941, *lv denied* 90 NY2d 894; *People v Smith,* 217 AD2d 221, 234-235, *lv denied* 87 NY2d 977), the erroneous statement of the People's expert that "mental disease or defect" as defined in the Penal Law does not constitute such a flaw. In any event, County Court instructed the jury on the applicable law, which the jury is presumed to have followed (*see generally, People v Moore,* 71 NY2d 684, 688). The verdict rejecting the defense of lack of criminal responsibility by reason of a mental disease or defect is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant's contention that certain photographs and a videotape of the victims were inflammatory and should not have been admitted in evidence lacks merit. The court had broad discretion in determining whether the probative value of the photographs and videotape outweighed any prejudice to defendant (*see, People v Stevens,* 76 NY2d 833, 835-836). The photographs and videotape were relevant with respect to, *inter alia,* the cause of death, the extent of the fatal injuries, and the position of the bodies at the crime scene (*see, People v Secore,* 187 AD2d 1008, 1009, *lv denied* 81 NY2d 847; *People v Wilson,* 168 AD2d 696, 697-698).

We reject the contention of defendant that the court erred in denying his motion to suppress five oral and written statements. Defendant was not in custody when he made the first

four statements at the crime scene and the hospital; defendant was not physically restrained at the hospital, and the questions asked by police officers preceding the first four statements were investigatory rather than accusatory (*see, People v Bowen,* 229 AD2d 954, 955, *lv denied* 88 NY2d 1019). The fifth statement was made after defendant was considered a suspect and had been given *Miranda* warnings. Contrary to defendant's contention, any promise made by the police to defendant prior to that statement did not "create[ ] a substantial risk that the defendant might falsely incriminate himself" and thus did not render the statement involuntary (CPL 60.45 [2] [b] [i]; *see, People v Tarsia,* 50 NY2d 1, 11; *People v Hamelinck,* 222 AD2d 1024, *lv denied* 87 NY2d 921).

Defendant's contentions concerning the verdict sheet and the manner in which the jury rendered the verdict are not preserved for our review (*see,* CPL 470.05 [2]). In any event, those contentions are lacking in merit. Considering the brutal nature of the killings, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Buckley, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.