■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL DELGADO, Appellant. [741 NYS2d 2] —Judgment, Supreme Court, Bronx County (Steven Barrett, J., on motion to dismiss; Martin Marcus, J., at jury trial and sentence), rendered November 24, 1999, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment made on the ground of allegedly unconstitutional preindictment delay. The delay in prosecution was reasonable since it was caused by the People's good faith efforts to investigate the murder and the fact that the original witness's recantation of his identification of defendant rendered the People's case legally insufficient until years later when another witness came forward (*see*, *People v Singer*, 44 NY2d 241, 252-

255; *People v Rodriguez*, 281 AD2d 375, *lv denied* 96 NY2d 901). Moreover, defendant did not establish that he was prejudiced by the delay.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the weight to be given the backgrounds of the People's witnesses and the fact that they received consideration for their cooperation, were properly considered by the jury and there is no basis upon which to disturb its determinations.

The trial court properly admitted statements made by the person who drove the motorcycle used for the murder, since these statements met all the requirements for admissibility as declarations against penal interests, including reliability; the statements were sufficiently corroborated by competent independent evidence, including defendant's own admissions (*see, People v James*, 93 NY2d 620, 637; *People v Brensic*, 70 NY2d 9, 15).

The issues raised by defendant concerning uncharged crimes evidence and an incident that occurred during jury deliberations are not only unpreserved but affirmatively waived, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal as to either issue. Furthermore, defendant's claim that trial counsel's decision to waive these two issues constituted ineffective assistance raises questions of strategy that would require a CPL 440.10 motion in order to expand the record. To the extent the existing record permits review, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

We perceive no basis for a reduction of sentence. Concur— Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.