◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED A. AMIN, Also Known as WILLIE DOTSON, Appellant. [742 NYS2d 746] —Appeal from a judgment of Livingston County Court (Cicoria, J.), entered August 22, 2000, convicting defendant after a nonjury trial of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted of assault in the second degree (Penal Law § 120.05 [7]) following a bench trial. While an inmate at the Groveland Correctional Facility, defendant assaulted the victim, a teacher and prerelease coordinator at the facility, as she was walking between buildings on the grounds of the facility. County Court's rejection of the affirmative defense of mental disease or defect (§ 40.15) is not against the weight of the evidence. Where, as here, there was conflicting expert testimony on the issue of defendant's mental condition, the determination of the trier of fact to accept or reject the opinion of an expert, in whole or in part, is entitled to deference (see People v Irizarry, 238 AD2d 940, 941, lv denied 90 NY2d 894; see also People v Law, 273 AD2d 897, 898, lv denied 95 NY2d 965; People v Jones, 261 AD2d 920, 920, lv denied 93 NY2d 972).

The evidence that the victim had a blackened and swollen eye that throbbed for several days and a gash above her eye that required four stitches is legally sufficient evidence of physical injury as defined in Penal Law § 10.00 (9) (see People v Giles, 239 AD2d 936, 937, lv denied 90 NY2d 905; see also Matter of Isaac M., 219 AD2d 805; People v Beaton, 152 AD2d 992, lv denied 74 NY2d 845). Defendant's intent to cause physical injury to the victim may be inferred from defendant's conduct and the surrounding circumstances (see People v Shero, 283 AD2d 953, lv denied 96 NY2d 868).

Defendant contends that the showup identification procedure, whereby the victim identified him while she was in the prison hospital after the attack, was unduly suggestive. By withdrawing his pretrial request for a Wade hearing and then failing to object to the victim's identification of defendant at

trial, defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]). In any event, that contention is without merit. The showup procedure was in proximity to the time and place of the crime and thus was properly conducted in the interest of prompt identification (*see People v Duuvon,* 77 NY2d 541, 544). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.