THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA GILFUS, Appellant. (Appeal No. 1.) [772 NYS2d 164]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered November 22, 2002. The judgment convicted defendant, upon a jury verdict, of failure to provide proper sustenance (14 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed, and the matter is remitted to Cayuga County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendants, respectively, appeal from judgments convicting them after a jury trial of 14 counts of failure to provide proper sustenance (Agriculture and Markets Law § 353). We reject the contention of defendants that the applicant for the search warrant was not sworn or certified as a peace officer and thus that their suppression motion should have been granted. The evidence establishes that the applicant was appointed as a town constable (*see* CPL 2.10 [1]) and had completed the training required by CPL 2.30. The applicant was not required to repeat the training when he was appointed as an officer for the Finger Lakes Society for the Prevention of Cruelty to Animals of Central New York (*see* CPL 2.10 [7]; 2.30 [6] [a]). We reject defendants' further contention that the infor-

mation upon which the search warrant was based was stale (*see People v Park,* 266 AD2d 913, 914 [1999]). Defendants' failure to provide sustenance was of a continuing nature, thus justifying a greater lapse of time between the acquisition of the information supporting the search warrant application and the issuance of the search warrant (*see People v Mallory,* 234 AD2d 913, 914 [1996], *lv denied* 89 NY2d 1013 [1997]). We have reviewed defendants' remaining contentions with respect to the search warrant and conclude that they are without merit.

Defendants failed to preserve for our review their contention that the verdict sheet diverged materially from the descriptions of the offenses in the indictment (*see People v Law,* 273 AD2d 897, 899 [2000], *lv denied* 95 NY2d 965 [2000]; *People v Chavys,* 263 AD2d 964, 965 [1999], *lv denied* 94 NY2d 821 [1999]). In any event, that contention is without merit. County Court instructed the jurors in accordance with the descriptions of the offenses in the indictment, and the interrogatories in the verdict sheet did not differ from those descriptions. Defendants also failed to preserve for our review their contentions that the court erred in ruling that only evidence during a particular time frame was admissible and erred in its rulings during defense counsel's examination of the witnesses (*see* CPL 470.05 [2]). In any event, we conclude that those contentions are without merit (*see generally People v Davis*, 43 NY2d 17, 27 [1977], *cert denied* 435 US 998 [1978], *rearg dismissed* 61 NY2d 670 [1983]). Finally, defendants' contention concerning the alleged civil forfeiture of the animals is not properly before this Court on defendants' appeals from the judgments of conviction (*see e.g. Montgomery County Socy. for Prevention of Cruelty to Animals v Bennett-Blue,* 255 AD2d 705 [1998]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.