mation upon which the search warrant was based was stale (*see People v Park,* 266 AD2d 913, 914 [1999]). Defendants' failure to provide sustenance was of a continuing nature, thus justifying a greater lapse of time between the acquisition of the information supporting the search warrant application and the issuance of the search warrant (*see People v Mallory,* 234 AD2d 913, 914 [1996], *lv denied* 89 NY2d 1013 [1997]). We have reviewed defendants' remaining contentions with respect to the search warrant and conclude that they are without merit.

Defendants failed to preserve for our review their contention that the verdict sheet diverged materially from the descriptions of the offenses in the indictment (*see People v Law,* 273 AD2d 897, 899 [2000], *lv denied* 95 NY2d 965 [2000]; *People v Chavys,* 263 AD2d 964, 965 [1999], *lv denied* 94 NY2d 821 [1999]). In any event, that contention is without merit. County Court instructed the jurors in accordance with the descriptions of the offenses in the indictment, and the interrogatories in the verdict sheet did not differ from those descriptions. Defendants also failed to preserve for our review their contentions that the court erred in ruling that only evidence during a particular time frame was admissible and erred in its rulings during defense counsel's examination of the witnesses (*see* CPL 470.05 [2]). In any event, we conclude that those contentions are without merit (*see generally People v Davis,* 43 NY2d 17, 27 [1977], *cert denied* 435 US 998 [1978], *rearg dismissed* 61 NY2d 670 [1983]). Finally, defendants' contention concerning the alleged civil forfeiture of the animals is not properly before this Court on defendants' appeals from the judgments of conviction (*see e.g. Montgomery County Socy. for Prevention of Cruelty to Animals v Bennett-Blue,* 255 AD2d 705 [1998]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GILFUS, JR., Appellant. (Appeal No. 2.) [771 NYS2d 452]— Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered November 22, 2002. The judgment convicted defendant, upon a jury verdict, of failure to provide proper sustenance (14 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed, and the matter is remitted to Cayuga County Court for proceedings pursuant to CPL 460.50 (5).

Same memorandum as in *People v Gilfus* ([appeal No. 1] 4 AD3d 788 [2004]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GILFUS, Appellant. (Appeal No. 3.) [771 NYS2d 452]—Appeal

from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered November 22, 2002. The judgment convicted defendant, upon a jury verdict, of failure to provide proper sustenance (14 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed, and the matter is remitted to Cayuga County Court for proceedings pursuant to CPL 460.50 (5).

Same memorandum as in *People v Gilfus* ([appeal No. 1] 4 AD3d 788 [2004]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS BROWN, Appellant. [772 NYS2d 168]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered February 8, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). We agree with defendant that County Court abused its discretion in denying defendant's request for a missing witness charge with respect to Terrell Blake, the person against whom defendant was charged with intending to use the gun (*see generally People v Macana*, 84 NY2d 173, 179-180 [1994]; *People v Fields*, 76 NY2d 761, 763 [1990]; *People v Gonzalez*, 68 NY2d 424, 427-428 [1986]). As a preliminary matter, we note that the People contend for the first time on appeal that defendant's request for the charge was untimely, and thus their contention is not preserved for our review (*see People v Erts*, 73 NY2d 872, 874 [1988]). On the merits, we conclude that defendant met his