■ The People of the State of New York, Respondent, v Tobias Nickels, Appellant. [829 NYS2d 362]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered June 13, 2005. The judgment convicted defendant, after a nonjury trial, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of murder in the second degree (Penal Law § 125.25 [4] [depraved indifference murder of a person less than 11 years old]), defendant contends that the verdict is against the weight of the evidence. According to defendant, the weight of the evidence supports the conclusion that the three-year-old victim's death was caused by an accidental fall from a kitchen counter rather than any intentional trauma. " 'Where, as here, there was conflicting expert evidence concerning criminal responsibility, the [trier of fact] was free to accept or reject in whole or in part the opinion of any expert' " (*People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000], quot-

ing *People v Jones*, 261 AD2d 920, 920 [1999], *lv denied* 93 NY2d 972 [1999]). "The trier of fact's determination will be set aside if there is a 'serious flaw' in the testimony of the People's experts," and here there was no such flaw (*People v Bernstein*, 255 AD2d 388, 388 [1998], *lv denied* 93 NY2d 850 [1999], quoting *People v Mainville*, 59 AD2d 809, 809 [1977]). According great deference to County Court's resolution of credibility issues (*see People v Gritzke*, 292 AD2d 805, 805-806 [2002], *lv denied* 98 NY2d 697 [2002]), we cannot agree with defendant that the verdict rejecting his theory with respect to the cause of the victim's fatal injuries is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). We reject the further contention of defendant that reversal is required based on the failure of the prosecution to provide him with an unredacted copy of the report of a Steuben County Sheriff's investigator in a timely manner. The redacted portion of the report contained a statement made to the investigator by one of the emergency room doctors to the effect that the victim's injuries could possibly have resulted from a fall, but he could not state with certainty that they did. The substance of the redacted statement was made known to defendant nearly six months prior to the trial, during the *Huntley* hearing, and defendant did not seek a continuance to obtain the doctor's testimony at trial. Even assuming, arguendo, that the redacted portion of the report constituted *Brady* material, we conclude that the late disclosure does not require reversal, particularly in view of the equivocal nature of the doctor's statement whether a fall could have caused the injuries. We thus conclude that defendant has failed to establish that there is "a 'reasonable possibility' that the failure to disclose the . . . report [in a timely manner] contributed to the verdict" (*People v Vilardi*, 76 NY2d 67, 77 [1990]; *see People v Pressley* [appeal No. 2], 234 AD2d 954 [1996], *affd* 91 NY2d 825 [1997]). Finally, considering the heinous nature of the crime and the age of the victim, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.