■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEOURIALEIR JOHNSON, Appellant. [833 NYS2d 338]—Appeal from a

judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 10, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). We conclude that Supreme Court properly denied defendant's *Batson* challenge because defendant failed to meet her "ultimate burden of persuading the court" that the People's race-neutral reasons for exercising a peremptory challenge with respect to an African-American juror were pretextual (*People v Smocum*, 99 NY2d 418, 422 [2003]). The court's credibility determination on that issue is entitled to great deference (*see Hernandez v New York*, 500 US 352, 364 [1991]; *People v Crawford*, 299 AD2d 848 [2002], *lv denied* 99 NY2d 581, 653 [2003]), and we see no reason to disturb it. Defendant further contends that the court erred in denying her motion for a mistrial based on the alleged improper readback of testimony to the jury. The record establishes, however, that defense counsel consented to the readback before the court responded to the jury's request and registered an objection only after the jury had announced that it had reached a verdict. Under those circumstances, we conclude that defendant's contention is not preserved for our review (*see People v Starling*, 85 NY2d 509, 516 [1995]; *see also People v Tolbert*, 283 AD2d 930 [2001], *lv denied* 96 NY2d 908 [2001]). In addition, defendant failed to preserve for our review her contentions concerning the alleged legal insufficiency of the evidence to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Nickels*, 37 AD3d 1110 [2007]).

We reject defendant's further contention that the verdict is against the weight of the evidence on the issue of intent. It is well settled that intent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime (*see People v Price*, 35 AD3d 1230 [2006]; *see also People v Smith*, 79 NY2d 309, 315 [1992]), and on this record we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that, based on the theory of the defense that defendant's acts were accidental or negligent rather than intentional, the court properly instructed the jury concerning motive (*see generally People v Seppi*, 221 NY 62, 70-71 [1917]; *People v Giordano*, 213 NY 575, 583-584 [1915]; *People v*

*Ryan*, 240 AD2d 775, 776 [1997], *lv denied* 90 NY2d 910 [1997]). Because defendant and the victim were not members of the same family or household (*see* CPL 530.11 [1]), the court properly refused to sentence defendant pursuant to Penal Law § 60.12. Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.