■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHAWN FORD, Appellant. [840 NYS2d 668]—

---

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 28, 2005, upon a verdict convicting defendant of the crime of murder in the second degree.

In October 2004, defendant lived with his girlfriend and her 18-month-old son. One evening while the girlfriend was out of the apartment, after defendant became frustrated when he could not convince the child to stop crying, defendant punched the child two or three times in the abdomen with a closed fist. The child ceased crying, but began choking and vomiting. Defendant attempted CPR, as did his girlfriend who arrived shortly thereafter. Paramedics took the child to the hospital, where he was pronounced dead. The death was ruled a homicide as a result of blunt force trauma to the abdomen which lacerated the child's liver, causing massive internal bleeding. Defendant eventually confessed to police that he struck the child in the abdomen and signed a written statement to that effect. A grand jury indicted defendant on one count of murder in the second degree (*see* Penal Law § 125.25 [4]) and one count of manslaughter in the first degree (*see* Penal Law § 125.20 [4]). The jury convicted him of the murder count, prompting this appeal. We affirm.

The evidence was legally sufficient to establish depraved indifference murder. The subsection at issue here defines murder in the second degree where, "[u]nder circumstances evincing a depraved indifference to human life, and being eighteen years old or more the defendant recklessly engages in conduct which creates a grave risk of serious physical injury or death to another person less than eleven years old and thereby causes the death of such person" (Penal Law § 125.25 [4]). The medical evidence proved that the child died due to blunt force trauma to the abdomen which lacerated the child's liver, and this injury could have been caused by one or more blows from an adult's fist. Defendant told the police that he did not intend to harm the 18-month-old child, but was merely attempting to get him

to stop crying. Under this version of events, if accepted by the jury, defendant, who was over 18 years old, had no criminal intent but recklessly engaged in conduct which created a grave risk of serious physical injury to the young child (*see People v Scott*, 288 AD2d 846 [2001], *lv denied* 97 NY2d 761 [2002]). In fact, the Legislature enacted subdivision (4) of Penal Law § 125.25 with a reduced intent element in child homicide cases to address the situation where juries refused to believe that an adult responsible for the care of a child would intend serious consequences as a result of physical force inflicted upon the child (*see* Assembly Sponsor's Letter in Support, Bill Jacket, L 1990, ch 477, at 9-10). This "lesser mens rea requirement coupled with proof of reckless conduct appropriately makes child abusers responsible for the consequential results of the acts which they should have known could occur by virtue of the child's naturally vulnerable condition" (*id.* at 10; *see* Sponsor's Mem, Bill Jacket, L 1990, ch 477, at 7).

The final element which we must address is whether defendant acted with "depraved indifference to human life," a culpable mental state which can be proved by circumstantial evidence (*see People v Feingold*, 7 NY3d 288, 296 [2006]). Depraved indifference requires a defendant's conduct to be so wanton, morally deficient and devoid of regard for the life or lives of others as to equate in blameworthiness with those killers who intentionally cause death (*see People v Suarez*, 6 NY3d 202, 211 [2005]). The narrow circumstances under which a legitimate case of depraved indifference murder may be established where only a single person is endangered by the defendant's actions must "reflect wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of the perpetrator's inexcusable acts" (*People v Suarez, supra* at 213; *see People v Maddox*, 31 AD3d 970, 971 [2006], *lv denied* 7 NY3d 868 [2006]). This is such a case. Defendant, who was alone with and responsible for a helpless toddler, punched the child more than once in the stomach out of frustration from the child's natural act of crying, and did not seek medical assistance when the child began to vomit and choke. The jury could rationally conclude that this brutal assault on a vulnerable 18-month-old child and the callousness and indifference surrounding defendant's actions proved that defendant acted "[u]nder circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [4]; *see People v Maddox, supra* at 971). Considering the evidence in the light most favorable to the prosecution and giving deference to the jury's credibility determinations, a rational factfinder could find all of the essential elements of the

crime beyond a reasonable doubt (*see People v Ficarrota*, 91 NY2d 244, 248 [1997]; *People v Tomasky*, 36 AD3d 1025, 1026 [2007]), rendering the evidence here legally sufficient to convict defendant of depraved indifference murder (*see People v Feingold, supra; People v Mitchell*, 289 AD2d 776, 779 [2001], *lv denied* 98 NY2d 653 [2002]; *People v Dexheimer*, 214 AD2d 898, 900 [1995], *lv denied* 86 NY2d 872 [1995]).

County Court did not err in admitting photographs of the victim's lacerated liver into evidence. Photographs of a deceased victim are admissible if they support a disputed or material issue, or illustrate or corroborate other evidence, and are inadmissible only if they are proffered solely to arouse the jury's emotions and prejudice the defendant (*see People v Pobliner*, 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]; *People v Alvarez*, 38 AD3d 930, 931 [2007]; *People v Manon*, 226 AD2d 774, 777 [1996], *lv denied* 88 NY2d 1022 [1996]). The two photographs at issue here illustrated and corroborated the medical examiner's testimony regarding the cause of death (*see People v Mastropietro*, 232 AD2d 725, 726 [1996], *lv denied* 89 NY2d 1038 [1997]). While defendant's medical expert ultimately agreed with the People's expert witness regarding the cause of death, defendant's expert did not create a written report. Considering that the People had to prove their case before defendant presented his expert, and not knowing exactly what aspects of the medical testimony would be controverted, the People reasonably offered the photographs to support a material and possibly disputed issue, and the court did not abuse its discretion in admitting them on that basis. Additionally, the court immediately instructed the jury to avoid making emotional judgments based on the photographs (*see People v Alvarez, supra* at 932; *People v Johnson*, 144 AD2d 490, 492 [1988], *lv denied* 73 NY2d 923 [1989]).

Mercure, J.P., Spain and Mugglin, JJ., concur.

Carpinello, J. (concurring). I concur in the application of *People v Feingold* (7 NY3d 288 [2006]) and *People v Suarez* (6 NY3d 202 [2005]) to the depraved indifference analysis of this case upon constraint of this Court's decision in *People v George* (43 AD3d 560 [2007] [decided herewith]). Ordered that the judgment is affirmed.