■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE JAMISON, Appellant. [845 NYS2d 662]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered July 25, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [4]). Defendant failed to preserve for our review

his contention that the evidence is legally insufficient to support the conviction (*see People v Finger*, 95 NY2d 894 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit. We conclude in particular that the evidence is legally sufficient to establish that defendant possessed the requisite culpable mental state to support the conviction of depraved indifference murder (*see People v Poplis*, 30 NY2d 85, 88 [1972]; *People v Ford*, 43 AD3d 571, 573 [2007]; *People v Smith*, 41 AD3d 964, 966 [2007], *lv denied* 9 NY3d 881 [2007]; *People v Weeks*, 15 AD3d 845, 846 [2005], *lv denied* 4 NY3d 892 [2005]; *see generally People v Suarez*, 6 NY3d 202, 208-215 [2005]). Defendant made a series of statements to the police in which he described his intent to discipline his 28-month-old stepdaughter after she had soiled her diaper. According to the last of those statements, the 275-pound defendant spanked the 25-pound victim shortly after an earlier spanking. Defendant was angry, and he spanked the victim "sorta hard," enough to propel her abdomen into the wooden railing of the bunk bed. She bounced off the bed and fell backward, hitting her head on the floor. Although the victim then started screaming and "grabbing her stomach" with her legs up in the air, defendant nonetheless proceeded "to whoop" the victim as she lay on the floor. He stated that he "was trying to hit her butt," but that he also hit her on the back and side inasmuch as "she was moving around."

The autopsy evidence established that the victim bled to death internally as a result of "significant" lacerations to her liver and extensive "tearing" in the tissues containing the vessels that supply blood to the intestines. Also, the outer surface of one of the loops of her small bowel was torn. The injuries were "caused by blunt trauma to the abdomen" and were not consistent with a spanking on the buttocks. Rather, they were consistent with "direct trauma applied to the abdomen from the front" with "significant force." According to the autopsy evidence, the injuries could have been caused by the victim's abdomen having been driven into a "protruding object" such as a wooden bed frame, depending on "how much force [wa]s applied," but were more likely caused by a forceful direct blow to the victim's abdomen.

Based on that evidence, the jury reasonably could have inferred that, in striking a 28-month-old child in the abdomen with such significant force, or in impelling the child's abdomen with such force into an immovable object, defendant consciously disregarded the risk of serious injury or death to the child, i.e., that he acted recklessly (*see Ford*, 43 AD3d at 573). The jury

further could have inferred that defendant's actions reflected "wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of the perpetrator's inexcusable acts," i.e., depraved indifference (*Suarez*, 6 NY3d at 213; *see Ford*, 43 AD3d at 573; *People v Smith*, 41 AD3d 964, 966 [2007], *lv denied* 9 NY3d 881 [2007]). We note in particular the statements of defendant tending to establish his prolonged "brutal assault on a vulnerable [28-month-old] child," an assault that admittedly continued after the fatal injuries were inflicted (*Ford*, 43 AD3d at 573; *see Suarez*, 6 NY3d at 212-213). Also contrary to defendant's contentions, the verdict is not against the weight of the evidence on the issues of defendant's alleged recklessness and depraved indifference (*see Smith*, 41 AD3d at 967; *People v Nickels*, 37 AD3d 1110, 1110-1111 [2007], *lv denied* 8 NY3d 988 [2007]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Because the conviction is supported by legally sufficient evidence adduced at trial, the alleged insufficiency of the evidence before the grand jury is not reviewable on appeal (*see* CPL 210.30 [6]; *People v Smith*, 4 NY3d 806, 808 [2005]; *People v Freeman*, 38 AD3d 1253, 1254 [2007], *lv denied* 9 NY3d 875 [2007]). Defendant's contention with respect to County Court's "jury instructions relating to depraved indifference murder . . . were never raised below, and are therefore unpreserved [for our review]" (*People v Castellano*, 41 AD3d 184, 184 [2007]). In any event, that contention, and defendant's related challenge to the similar instructions given at the grand jury proceeding, are without merit. Those instructions "were entirely unremarkable in light of the then-applicable law" (*People v Johnson*, 43 AD3d 288, 290 [2007]; *see generally People v Feingold*, 7 NY3d 288, 294 [2006]; *People v Register*, 60 NY2d 270, 276-278 [1983], *cert denied* 466 US 953 [1984]). Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.