■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANDI T. GRIFFIN, Appellant. [851 NYS2d 808]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 13, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the

second degree, manslaughter in the first degree, assault in the second degree, and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree and dismissing count three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [4] [depraved indifference]), manslaughter in the first degree (§ 125.20 [4]), and assault in the second degree (§ 120.05 [9]). By failing to object to the alleged inconsistency in the verdict with respect to the charges of murder in the second degree and manslaughter in the first degree before the jury was discharged, defendant failed to preserve for our review her contention with respect to that alleged inconsistency (see generally People v Alfaro, 66 NY2d 985, 987 [1985]; People v Carter, 39 AD3d 1226, 1227 [2007], lv denied 9 NY3d 863 [2007]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

We reject defendant's further challenge to the legal sufficiency of the evidence supporting the conviction of depraved indifference murder (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to the contention of defendant, the evidence is legally sufficient to establish that she possessed the requisite culpable mental state to support that conviction (see People v Bowman, 48 AD3d 178 [2007]; People v Jamison, 45 AD3d 1438, 1439-1440 [2007]; People v Ford, 43 AD3d 571, 573-574 [2007]; People v Smith, 41 AD3d 964, 966-967 [2007], lv denied 9 NY3d 881 [2007]; see generally People v Suarez, 6 NY3d 202, 210-213 [2005]). Defendant admitted to the police that she was frustrated with her three-year-old daughter, who suffered from cerebral palsy, and that she "slammed her and threw her on the couch about four or five times," causing the child to strike her head on the wooden armrest and upper portion of the couch. The autopsy evidence established that the child died as a result of a subdural hematoma caused by blunt force trauma to the head. The Medical Examiner testified that the child had been struck "maybe four, five or eight times on the left side of the head . . . [which] were enough to disrupt the membranes within the skull, which then permitted the bleeding to occur." He likened the head injuries to those possibly caused by a fall "from a second story stairway" and testified that the injuries were consistent with "[i]mpact blows" in which "several

hundred if not several thousand G forces are produced." Based on the child's core body temperature of 88 degrees when she was brought to the emergency room, the Medical Examiner estimated that the child had died approximately three to five hours earlier.

Defendant contends that, because her conduct was "but a single abusive incident," it does not rise to the requisite level of depravity and was indicative of a manifest intent to kill rather than recklessness. We reject that contention. Based on the medical evidence and defendant's admissions, the jury could have reasonably inferred that, in slamming a three-year-old child with cerebral palsy numerous times into the wooden portions of a couch with sufficient force to cause the injuries described by the Medical Examiner, "defendant consciously disregarded the risk of serious injury or death to the child, i.e., that [s]he acted recklessly" (*Jamison*, 45 AD3d at 1439; *see Ford*, 43 AD3d at 573). With respect to our conclusion that defendant acted recklessly rather than intentionally, we note in particular that "[n]o testimony or evidence was presented at trial that the defendant had any motive, animosity or ill-will towards the victim, or that, previously, [s]he had been an abusive [mother]" (*Bowman*, 48 AD3d at 182). Depraved indifference has been described by the Court of Appeals as "wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of the perpetrator's inexcusable acts" (*Suarez*, 6 NY3d at 213), and here depraved indifference may be inferred from the actions of defendant in repeatedly slamming her three-year-old helpless child afflicted with cerebral palsy into the wooden portion of a couch with enough force to produce the injuries sustained by the child (*see Bowman*, 48 AD3d at 184-185; *Jamison*, 45 AD3d at 1439-1440; *Ford*, 43 AD3d at 573). Additionally, the People presented evidence at trial that defendant then placed the child face-down on a bed because she did not want to hear the child scream, and that she left the child alone while she exercised in the living room and took a two-hour bath instead of immediately seeking medical attention for the child because she "could not deal with it then." That conduct "was a further display of [her] 'utter disregard of the value of human life' . . . [and] was as wanton as [her] conduct in creating the situation" (*Bowman*, 48 AD3d at 186).

Defendant failed to preserve for our review her further contention that the evidence is legally insufficient to establish that she was at least 18 years of age when the crimes were com-

mitted, inasmuch as she failed to seek a trial order of dismissal with respect to the first three counts of the indictment on that ground (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit. The sworn statements of defendant contained her age and date of birth and were properly admitted in evidence as admissions against her penal interest, and her age was corroborated by the admission in evidence of her daughter's birth certificate, which identified defendant as the mother and gave her date of birth (*see generally People v Delgado*, 292 AD2d 212, 213 [2002], *lv denied* 98 NY2d 696 [2002]). Defendant also failed to preserve for our review her contention that she was unfairly prejudiced when County Court in its jury instructions characterized the crimes of manslaughter in the second degree and criminally negligent homicide as "lesser included offenses," as well as her contention that the court erred in submitting the murder and manslaughter counts to the jury in the conjunctive (*see* CPL 470.05 [2]; *People v Green*, 35 AD3d 1211, 1212 [2006], *lv denied* 8 NY3d 985 [2007]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the contention of defendant that the court erred in denying without a hearing her CPL 330.30 motion seeking to vacate the judgment on the ground that she was denied effective assistance of trial counsel. Defendant's contention concerns matters outside the record on appeal, i.e., the alleged failure of defense counsel to conduct an adequate investigation of the case and to prepare for trial, and they thus are properly the subject of a motion pursuant to CPL 440.10 (*see People v Washington*, 39 AD3d 1228, 1230 [2007], *lv denied* 9 NY3d 870 [2007]; *People v Sharpe*, 295 AD2d 957, 958-959 [2002]). Further, defendant's retained counsel was not ineffective for filing a procedurally improper CPL 330.30 motion rather than a CPL 440.10 motion because defendant is not precluded from bringing a motion to vacate the judgment pursuant to CPL 440.10. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant was not denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant also failed to preserve for our review her contention that the court penalized her by imposing a harsher sentence than that proposed in the plea offer because she exercised her right to a trial (*see People v Tannis*, 36 AD3d 635 [2007], *lv denied* 8 NY3d 927 [2007]; *People v Hargroves*, 27 AD3d 765

[2006], *lv denied* 7 NY3d 789 [2006]) and, in any event, that contention is without merit. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [her] right to trial' " (*People v Chappelle,* 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]; *see People v Taplin,* 1 AD3d 1044, 1046 [2003], *lv denied* 1 NY3d 635 [2004]). Further, the record does not disclose any vindictiveness on the part of the court (*see Hargroves,* 27 AD3d at 766), nor does the record disclose that the court threatened to impose a harsher sentence if defendant rejected the plea offer.

The sentence is not unduly harsh or severe. We agree with defendant, however, that count three of the indictment, charging her with assault in the second degree (Penal Law § 120.05 [9]), is a lesser included offense of manslaughter in the first degree (§ 125.20 [4]) because it is impossible to commit the greater offense without by the same conduct committing the lesser offense (*see* CPL 1.20 [37]; *see People v Glover,* 57 NY2d 61, 63 [1982]). Thus, count three of the indictment must be dismissed as a matter of law because "a verdict of guilty upon the greater count is deemed a dismissal of every lesser inclusory concurrent count" (*People v Moore,* 41 AD3d 1149, 1152, *lv denied* 9 NY3d 879, 992 [internal quotation marks and brackets omitted], quoting *People v Lee,* 39 NY2d 388, 390 [1976]; *see* CPL 300.40 [3] [b]). We therefore modify the judgment accordingly. Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.