■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. JONES, Appellant. [859 NYS2d 544]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered July 7, 2006. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant failed to preserve for our review his contention in his main brief and pro se supplemental brief that County Court erred in refusing to provide the jury with written instructions on the agency defense upon its request, in violation of CPL 310.30 (see CPL 470.05 [2]; see also People v Howard, 267 AD2d 1006 [1999], lv denied 95 NY2d 835 [2000], cert denied 532 US 999 [2001]). In any event, that contention is without merit. " 'The court has discretion to respond as it deems proper to an inquiry by a deliberating jury . . . , provided that the supplemental instruction is a meaningful response to the jury's inquiry' " (People v Smith, 21 AD3d 1277, 1277-1278 [2005], lv denied 7 NY3d 763 [2006]; see generally CPL 310.30). Here, although the court refused to provide a written copy of the agency defense to the jury, its offer to read the defense to the jury as many times as the jury deemed necessary constituted "a meaningful response to the jury's request for information" (People v Bryant, 13 AD3d 1170, 1171 [2004], lv denied 4 NY3d 884 [2005]).

Defendant further contends in his main brief that the verdict with respect to the count of criminal sale of a controlled substance is against the weight of the evidence. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "It cannot be said that, in rejecting the agency defense, the jury failed to give the evidence the weight it should be accorded" (People v Watkins, 284 AD2d 905, 906 [2001], lv denied 96 NY2d 943 [2001]). The sentence is not unduly harsh or severe.

Contrary to the further contention of defendant in his pro se supplemental brief, the evidence is legally sufficient to support the conviction of criminal sale of a controlled substance (see People v Brown, 50 AD3d 1596 [2008]; People v Carr, 254 AD2d 91 [1998], lv denied 93 NY2d 967 [1999]), and thus defendant's

challenge to the legal sufficiency of the evidence before the grand jury is not reviewable on appeal (*see* CPL 210.30 [6]; *People v Jamison*, 45 AD3d 1438, 1440 [2007], *lv denied* 10 NY3d 766 [2008]). We have reviewed the remaining contention of defendant in his pro se supplemental brief and conclude that it is without merit. Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.