Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 14, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [4]). The evidence at trial established that defendant caused the death of his six-week-old child during the course of a heated argument with the child’s mother. The incident occurred on the porch at the home of the child’s maternal grandmother. Defendant picked up the child, resisted the efforts of the mother and maternal grandmother to take the child from him and threatened to throw the child if they did not move away. Defendant then lifted the child and threw her head first into the floor of the porch, causing severe head injuries that resulted in the child’s death. As he left the scene, defendant said, “[f]—k the baby.” He also said that he “didn’t want to do it.”
The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally suf *1167 ficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject the contention of defendant that the evidence establishes his manifest intent to kill or to cause serious physical injury and thus fails to establish the culpable mental state for depraved indifference murder, i.e., recklessness (see generally People v Payne, 3 NY3d 266, 270-272 [2004], rearg denied 3 NY3d 767 [2004]). Rather, the evidence establishes that defendant acted in a fit of rage directed at the child’s mother, and the jury could have reasonably inferred that, when he threw the child, “defendant consciously disregarded the risk of serious injury or death to the child, i.e., that he acted recklessly” (People v Jamison, 45 AD3d 1438, 1439 [2007], Iv denied 10 NY3d 766 [2008]). We also reject the contention of defendant that the evidence is legally insufficient to establish that he acted with depraved indifference (see generally Bleakley, 69 NY2d at 495). The jury could have reasonably inferred from the evidence that the conduct of defendant reflected “wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of [his] inexcusable acts” (People v Suarez, 6 NY3d 202, 213 [2005]; see People v Bowman, 48 AD3d 178, 184 [2007], lv denied 10 NY3d 808 [2008]). Finally, we reject the contention of defendant that Supreme Court should have charged the jury in accordance with the charge requested by him. The court’s charge, which tracked the language contained in the Pattern Criminal Jury Instructions (see CJI2d[NY] Penal Law § 125.25 [4]), properly conveyed the applicable legal principles to the jury (see People v Owens, 51 AD3d 1369, 1372 [2008], lv denied 11 NY3d 740 [2008]; see generally People v Ladd, 89 NY2d 893, 895-896 [1996]; People v Regan, 21 AD3d 1357 [2005]). Present—Scudder, EJ., Hurlbutt, Lunn, Green and Gorski, JJ.