# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**642**

**KA 11-00262**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

BARBARA J. HERSHEY, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered December 5, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of imprisonment of 2 to 6 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) for recklessly causing the death of her four-month-old step-grandson. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence. It is undisputed that the victim sustained subdural hematomas, retinal hemorrhaging and cerebral edema, commonly referred to as the triad symptoms indicative of Shaken Baby Syndrome (SBS). The People's expert witnesses testified that, in the absence of evidence of external trauma, those symptoms in a baby can be caused only by shaking the baby with great force. The People's experts further testified that there can be no "lucid interval" between the shaking and the baby's death or disability. Thus, because the victim lost consciousness while in the exclusive care of defendant, it was reasonable for the jury to conclude that defendant shook the victim, causing his death. Although defendant's experts challenged the validity of SBS, it cannot be said on this record that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495). " 'Where, as here, there was conflicting expert evidence concerning criminal responsibility, the jury was free to accept or reject in whole or in part the opinion of any expert' " (*People v Law*, 273 AD2d 897, 898, *lv denied* 95 NY2d 965), "at least in the absence of a serious flaw in the expert's

testimony" (*People v Irizarry*, 238 AD2d 940, 941, *lv denied* 90 NY2d 894 [internal quotation marks omitted]).

We further conclude that County Court properly allowed the prosecutor to cross-examine a defense expert concerning statements made by a defendant in another case in which that expert had previously testified.  Because those statements were not testimonial in nature (*see generally Davis v Washington*, 547 US 813, 822), defendant's right to confront witnesses against her, as articulated by the Supreme Court in *Crawford v Washington* (541 US 36), was not violated by that line of questioning (*see generally People v Bradley*, 8 NY3d 124, 126).  Defendant failed to preserve for our review her further contention that the prosecutor's use of those statements on cross-examination of the defense expert violated the rule against hearsay (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that the sentence is unduly harsh and severe.  Defendant, who is 70 years old, has no prior criminal record and, as the People correctly concede, her crime was not intentional in nature.  We note that the victim's parents supported defendant throughout the proceedings and, at sentencing, they pleaded with the court not to incarcerate her.  The parents stated that a sentence of incarceration would only compound their tragedy and add to their grief.  The court nevertheless sentenced defendant to the maximum punishment permitted by law, i.e., an indeterminate term of imprisonment of 5 to 15 years.  Although we are cognizant that an innocent life has been lost at its infancy, we conclude that, under the circumstances of this case, an indeterminate term of imprisonment of 2 to 6 years is more appropriate.  Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment accordingly.

Entered:  June 17, 2011                      Patricia L. Morgan
                                             Clerk of the Court