People v Vidal-Ortiz (2022 NY Slip Op 01705)





People v Vidal-ortiz


2022 NY Slip Op 01705


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1097 KA 18-00799

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
YOKOHIRO VIDAL-ORTIZ, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 3, 2017. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed on each count to a determinate term of eight years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]).
To the extent that defendant contends that he was improperly penalized for asserting his right to a trial, that contention is not preserved for our review (see People v Fudge, 104 AD3d 1169, 1170 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]; People v Griffin, 48 AD3d 1233, 1236-1237 [4th Dept 2008], lv denied 10 NY3d 840 [2008]; People v Irrizarry, 37 AD3d 1082, 1083 [4th Dept 2007], lv denied 8 NY3d 946 [2007]) and, in any event, that contention lacks merit (see People v Washington, 160 AD3d 1451, 1452 [4th Dept 2018]; Griffin, 48 AD3d at 1236-1237). However, we agree with defendant that the sentence is unduly harsh and severe under the circumstances of this case. Thus, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence of imprisonment imposed on each count to a determinate term of eight years (see CPL 470.15 [6] [b]), to be followed by the three years of postrelease supervision imposed by County Court, with the sentences remaining concurrent.
Finally, as the People correctly concede, the certificate of conviction incorrectly reflects that defendant was sentenced as a second violent felony offender, and it must therefore be amended to reflect that defendant was sentenced as a second felony offender (see People v Williams, 187 AD3d 1564, 1565 [4th Dept 2020]; People v Kowal, 159 AD3d 1346, 1347 [4th Dept 2018]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court