People v Cannon (2023 NY Slip Op 03134)

People v Cannon

2023 NY Slip Op 03134

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

430 KA 19-01574

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LATIFAH CANNON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered June 13, 2019. The judgment convicted defendant upon a jury verdict of robbery in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and endangering the welfare of a child (§ 260.10 [1]). Viewing the evidence in light of the elements of the crime of robbery in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.; see People v Kalinowski, 118 AD3d 1434, 1436 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]). We reject defendant's further contention that Supreme Court erred in denying her Batson challenge with respect to two prospective jurors. The People gave race-neutral reasons for the peremptory challenges, and defendant did not meet her ultimate burden of establishing that those reasons were pretextual (see People v Switts, 148 AD3d 1610, 1611 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; People v Johnson, 38 AD3d 1327, 1328 [4th Dept 2007], lv denied 9 NY3d 866 [2007]). "[T]he court was in the best position to observe the demeanor of the prospective juror[s] and the prosecutor, and its . . . determination that the prosecutor's explanation[s were] race-neutral and not pretextual is entitled to great deference" (People v Dandridge, 26 AD3d 779, 780 [4th Dept 2006], lv denied 9 NY3d 1032 [2008] [internal quotation marks omitted]). We see no reason to disturb that determination. Finally, we reject defendant's contention that she was denied a fair trial because of improper statements made by the prosecutor during summation. "To the extent that a portion of the prosecutor's summation could be viewed as containing a misstatement of law, . . . any prejudice was avoided by the court's instructions, which the jury is presumed to have followed" (People v Harper, 132 AD3d 1230, 1234 [4th Dept 2015], lv denied 27 NY3d 998 [2016] [internal quotation marks omitted]; see People v Padin, 121 AD3d 628, 629 [1st Dept 2014], lv denied 25 NY3d 1169 [2015]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court