■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFF GODBOLD, Appellant. [864 NYS2d 425]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered March 27, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing defendant to an aggregate term of two years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. We do not find the undercover officer's account of the transaction to be implausible, and we reject defendant's remaining arguments concerning the weight of the evidence.

The court properly permitted the People to elicit evidence of uncharged drug sales to other persons that occurred while the officer was in defendant's apartment. This evidence was highly relevant to establish defendant's accessorial liability and refute his claim that the codefendant was the only seller (*see People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]; *People v Jackson*, 39 NY2d 64, 68 [1976]). The uncharged crime evidence also completed the officer's narrative and was inextricably interwoven with the instant offense (*see People v Vails*, 43 NY2d 364, 368-369 [1977]; *People v Gines*, 36 NY2d 932 [1975]). Defendant's claim that the court should have given the jury a limiting instruction as to this evidence, and his related challenge to the prosecutor's summation, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no prejudice to defendant in either regard. Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.