■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HAMILTON, Appellant. [899 NYS2d 605]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered September 11, 2008, convicting defendant, after a jury trial, of assault in the first and second degrees and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 13 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility, including its evaluation of the inability of one of the shooting victims to identify defendant, and

the claim that the other shooting victim's aunt improperly influenced his identification of defendant.

The court properly exercised its discretion in permitting limited testimony that the complainant in the second of the two incidents involved in this case had previously observed defendant engaged in a dispute with her son. Merely having a dispute with another person is not a crime, and "mere speculation that a jury might discern something sinister about a defendant's behavior does not render that behavior an 'uncharged crime' " (*People v Flores*, 210 AD2d 1, 2 [1994], *lv denied* 84 NY2d 1031 [1995]). This evidence was not unduly prejudicial, and it was probative of the witness's ability to accurately identify defendant, an issue that defense counsel refused to concede.

Defendant did not preserve his claim that the court should have given the jury a limiting instruction regarding the evidence of the prior dispute, or his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Gonzalez, P.J., Tom, DeGrasse and Abdus-Salaam, JJ.