People v Brown (2018 NY Slip Op 06316)





People v Brown


2018 NY Slip Op 06316


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


4883/15 7157 

[*1]The People of the State of New York, Respondent,
v
Andre Brown, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 21, 2017, convicting defendant, after a jury trial, of criminal possession of weapon in the third degree and attempted grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence to support the inference that defendant acted as a lookout while his companion used a razor to cut the pants pocket of a sleeping subway passenger in an attempt to remove his wallet (see e.g. People v Perez, 16 AD3d 191, 191 [1st Dept 2005] lv denied 4 NY3d 855 [2005]). The evidence also established that defendant and his accomplice possessed the razor "with intent to use the same unlawfully against another" (Penal Law § 265.01[2]). Cutting a person's pocket to effectuate a larceny is obviously unlawful. The statute does not require that any particular type of unlawful use against another be intended, and we reject defendant's argument that we should read into the statute an additional requirement of intent to inflict or threaten physical harm.
The court providently exercised its discretion in admitting carefully limited evidence of defendant's prior convictions relating to thefts from sleeping passengers on subway cars, and of prior police surveillance of defendant while he was accompanied by the same person alleged to be his accomplice in this case. The evidence was relevant to establish defendant's intent and accessorial liability, and to rebut his claim that he was an innocent bystander when the other man attempted to steal the victim's wallet (see People v Carter, 77 NY2d 95, 107 [1990], cert denied 499 US 967 [1991]; People v Ingram, 71 NY2d 474, 479 [1988]; People v Godbold, 55 AD3d 339 [1st Dept 2008], lv denied 11 NY3d 897 [2008]). "While acting in concert' is not one of the five Molineux exceptions, it has been said that those
categories are merely illustrative, not exclusive" (People v Jackson, 39 NY2d 64, 68 [1976]). [*2]Any prejudice was minimized by the court's repeated limiting instructions, which the jury is presumed to have followed.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK