People v Johnson
2026 NY Slip Op 02798
May 5, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Melshawn Johnson, Defendant-Appellant.

Decided and Entered: May 05, 2026
Ind. No. 1480/21|Appeal No. 6514|Case No. 2023-04599|
Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Christiana Hope Prater-Lee of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David E.A. Crowley of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered August 17, 2023, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 6 years, unanimously affirmed.
Any argument that the court was required to hold a pretrial hearing before admitting defendant's grand jury testimony is unpreserved and waived, as the prosecutor and defense counsel conferred and agreed on which portions of the testimony would be read into evidence (see CPL 470.05[2]; People v Leach, 125 AD3d 568, 569 [1st Dept 2015], lv denied 25 NY3d 1074 [2015], cert denied 577 US 1033 [2015]; People v Delgado, 292 AD2d 212, 213 [1st Dept 2002], lv denied 98 NY2d 696 [2002]). In any event, the court providently exercised its discretion in admitting evidence that, three months before the instant stabbing, defendant and his girlfriend had an argument and temporarily broke up, and the girlfriend refused to let defendant back into the apartment to recover his clothes and called the police. This evidence showed the nature of their relationship and provided context for defendant's subsequent theft of her clothing and the confrontation between defendant and the victim, a longtime male friend of the girlfriend (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Pisano, 227 AD3d 419, 419-420 [1st Dept 2024], lv denied 42 NY3d 929 [2024]). The potential for prejudice stemming from this episode was minimal, as the incident involved only a verbal dispute, defendant did not issue any threats or engage in any violent acts, and the girlfriend never had an order of protection against defendant (see People v Frumusa, 29 NY3d 364, 369-370 [2017]; People v Hamilton, 73 AD3d 408, 409 [1st Dept 2010], lv denied 15 NY3d 774 [2010]).
[*2]
The court also properly permitted the prosecutor to ask the girlfriend, who testified on defendant's behalf, whether defendant had "ever shown signs of jealousy" during their relationship. Defendant's history of anger and jealousy was relevant to his potential general motive to harm the victim and any intent to seriously injure him, and the significant probative value of this testimony outweighed the potential for prejudice to defendant (see People v Mena, 71 AD3d 475, 476 [1st Dept 2010], lv denied 15 NY3d 753 [2010]; People v Mehmeti, 279 AD2d 420, 421 [1st Dept 2001], lv denied 96 NY2d 832 [2001]). When the girlfriend flatly denied that defendant had ever demonstrated any jealousy, the prosecutor properly confronted her with her prior inconsistent sworn statements contained in Domestic Incident Reports (see People v Wise, 46 NY2d 321, 326 [1978]; People v Jones, 207 AD2d 745, 745 [1st Dept 1994], lv denied 85 NY2d 863 [1995]). Defendant failed to preserve any claim that the court was required to provide contemporaneous limiting instructions (see People v Bayne, 82 NY2d 673, 676 [1993]; People v Godbold, 55 AD3d 339 [1st Dept 2008], lv denied 11 NY3d 897 [2008]), and the court properly charged the jury that prior inconsistent statements "are not proof of what happened" and may only be considered "to evaluate the truthfulness or accuracy of the witness' testimony" (see CPL 60.35[2]).
Any errors in admitting this evidence, permitting this cross-examination, or failing to provide additional limiting instructions was harmless (see People v Crimmins, 36 NY2d 230, 242 [1975]). Defendant was acquitted of the intentional assault charges, and he conceded his guilt of reckless second-degree assault and third-degree criminal possession of a weapon in the face of overwhelming evidence that he wielded the knife that injured the victim, including his grand jury testimony, surveillance video footage, expert medical testimony, and DNA evidence, so there was no significant probability that any of the purported errors contributed to his conviction (id.).
[*3]
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v McLean, 15 NY3d 117, 121 [2010]; People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668, 689-692 [1984]). Defendant has not shown that defense counsel's direct examination of the girlfriend, the lack of objections to several of the prosecutor's cross-examination questions, or any failure to request additional limiting instructions deprived him of a fair trial or affected the outcome of the case (see People v Stultz, 2 NY3d 277, 287 [2004]; People v Blount, 126 AD3d 466, 466 [1st Dept 2015], lv denied 25 NY3d 1069 [2015]; People v Calderon, 66 AD3d 314, 321 [1st Dept 2009], lv denied 13 NY3d 858 [2009]).
Defendant did not preserve his present argument that he was entitled to have the jury charged on reckless third-degree assault because there was a reasonable view of the evidence that he acted recklessly with respect to the potential risk of physical injury to the victim (see People v Marquez, 49 AD3d 451, 451-452 [1st Dept 2008], lv denied 10 NY3d 936 [2008]). As an alternative holding, we find that the court properly declined to instruct the jury on the lesser included offense of assault in the third degree, because there was no reasonable view of the evidence, viewed most favorably to defendant, that defendant's conduct was reckless as to the possibility of physical injury but not reckless as to the possibility of serious physical injury (see CPL 300.50[1]; People v Glover, 57 NY2d 61, 63 [1982]; see also Penal Law § 120.00[2]). In the grand jury testimony that was read into the record, defendant admitted that he held a sharp knife within arm's reach of the victim, and he "jabbed it forward" towards the victim's body, aware that "it could puncture his stomach." Thus, defendant's own testimony established that he "consciously disregard[ed] a substantial and unjustifiable risk" that thrusting the sharp knife at the victim's abdomen could cause him serious physical injury (Penal Law §15.05[3]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2026